MARY N. YOUNG, Admx., Plaintiff in Error, *vs.* JOHN W. PATRICK, JR., Defendant in Error.

*Opinion filed October 28, 1926.*

1. INJURIES—*defendant must tender name and address of eye-witness to exclude evidence of habits of care of deceased.* A defendant in an action for wrongful death may not obtain the benefit of the rule prohibiting evidence of habits of care on the part of the deceased, where he claims there was an eye-witness to the accident but does not tender the name and address of such witness.

2. SAME—*when evidence of ability to stop car at various speeds is competent—directing verdict.* In an action for wrongful death of a pedestrian who was struck by an automobile, where the declaration charges excessive speed and where there were no eye-witnesses, evidence of the distance within which a car of the type driven by the defendant could be stopped when traveling at various rates of speed is competent, where marks on the pavement showed that the car had skidded forty feet; and under such evidence it is error to take the case from the jury by instructing them to find the defendant not guilty.

WRIT OF ERROR to the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

JAMES J. BARBOUR, and EDWARD H. S. MARTIN, for plaintiff in error.

BURT A. CROWE, for defendant in error.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

This court has granted a writ of *certiorari* to review the judgment of the Appellate Court affirming the action of the superior court of Cook county in instructing the jury in a personal injury case to find the defendant not guilty.

Plaintiff in error is the widow of Louis W. Young. Young was struck by the defendant in error's automobile, driven by the latter. He died a few hours later. The question presented to us is whether or not there is in the record sufficient evidence for plaintiff in error to have justified the submission of the cause to a jury.

There were no eye-witnesses to the accident. It occurred at the junction of Hinman avenue and Lee street, in the city of Evanston. Hinman avenue extends north and south and Lee street east and west. Each street has a roadway approximately thirty feet in width and is paved with macadam. At the time of the accident the pavement had been oiled but was not greasy or slippery. The testimony shows that it was dry. There was a jog of about thirty feet on Hinman avenue at its intersection with Lee street, so that the sidewalk on the west side of Hinman avenue south of Lee street is about in line with the sidewalk on the east side of Hinman avenue north of Lee street. The deceased was struck while crossing the avenue on the north side of Lee street, but it is not shown whether he was walking east or west at the time of the accident. The testimony of one witness for plaintiff in error was, that defendant in error stated after the accident that he did not see the deceased until he struck him. The testimony showed that it was in the early evening on the 9th of August, 1922, and that it was not yet dark. The testimony also showed that on the pavement, leading back from the hind wheels of defendant in error's car, which was a small sedan, were two marks showing the car had skidded for a distance of

about forty feet; that these marks also showed that the car had not passed around the center of the intersection of Hinman avenue and Lee street but had cut across on the left side of the center.

Plaintiff in error on the trial introduced a number of witnesses who testified as to habits of care on the part of the deceased. This testimony was admitted over objection of defendant in error, the latter contending that there was an eye-witness to the accident, but his counsel did not state who the eye-witness was. A defendant may not obtain the benefit of the rule prohibiting evidence of habits of care on the part of the deceased where there is an eye-witness unless he first tender the name and address of a witness competent to testify on the trial. (*Moore* v. *Bloomington, Decatur and Champaign Railroad Co.* 295 Ill. 63.) The testimony as to habits of care on the part of the deceased was competent.

Testimony was also offered to show the space within which an automobile of the type involved in this case could be stopped when traveling at various rates of speed at a street intersection of the character here involved. This testimony was ruled out, apparently on the ground that there was no evidence to show how fast this machine was, in fact, going. It was error to rule out this testimony. The declaration charged excessive speed. The skid-marks, positively identified by the witness as being the marks made by the rear wheels of the car involved, tended to establish excessive speed, unless it be true that a car of that character, while traveling at the authorized rate of speed, could not be stopped in less than forty feet. The evidence, therefore, was competent, not to show the exact speed of this car but to show whether or not a car of that character, going at the authorized rate of speed, could be stopped in less space than was apparently required to stop this car. This is not an assumption but positive proof. It is not such

evidence as establishes an inference but tends to establish a fact.

We are of the opinion, also, that the court erred in taking the case from the jury. While there is no testimony of eye-witnesses who could testify as to the speed of the car, there is evidence in the record showing the fact that the car skidded forty feet on the pavement with the wheels locked, and the jury had a right to consider that fact on the issue raised by the charge that the speed of the car was excessive.

For the above errors the judgments of the Appellate and superior courts are reversed and the cause is remanded to the superior court for a new trial.

*Reversed and remanded.*