Margaret Micca, Administratrix of the Estate of Peter Micca, Jr., Deceased, Appellant, v. The Alton Railroad Company, Appellee.

Gen. No. 8,951.

Opinion filed July 6, 1935.

Fort & Fort, of Minonk, for appellant.

Miller, Elliott & Westervelt, of Peoria, for appellee; O. P. Westervelt and Donald G. Beste, of counsel.

Mr. Justice Huffman delivered the opinion of the court.

This was an action brought by appellant against appellee, under the Injuries Act, Cahill's St. ch. 70, to recover for the alleged wrongful death of appellant's intestate. At the close of all of the evidence in the case, defendant filed its motion for an instructed verdict, and the court granted the motion, instructing the jury to find the defendant not guilty. From the giving of said instructed verdict, appellant prosecutes this appeal.

Appellant's intestate, while driving a motor truck on October 30, 1932, between the hours of seven and eight o'clock in the morning, was struck and killed by one of appellee's trains at a public crossing out in the country, located upon a public highway situated on the county line between Logan and Tazewell counties.

Appellant offered four witnesses who testified concerning the accident, but none of them was an eyewitness thereto. After appellant had rested and the motion for an instructed verdict was filed by appellee, appellant asked leave of court to introduce evidence of the cautious habits of the deceased. A witness was called by appellee, and examined in the absence of the jury. He was an eyewitness to the accident. He testified in detail regarding the same. The court then denied appellant the right to offer testimony as to habits of the deceased. Evidence of the cautious habits of the

deceased is incompetent where there is an eyewitness to the accident. *Chicago & A. R. Co. v. Pearson,* 184 Ill. 386, 392; *Anderson v. Metropolitan West Side Elevated Ry. Co.,* 170 Ill. App. 210; *Quincy Gas & Electric Co. v. Clark,* 109 Ill. App. 20; *Cox v. Chicago & N. W. Ry. Co.,* 92 Ill. App. 15; *Cleveland, C., C. & St. L. Ry. Co. v. Moss,* 89 Ill. App. 1, 15 A. L. R. 135.

Three of appellant's witnesses regarding the accident lived in a residence about 400 feet from appellee's track, near the crossing in question. These witnesses heard the whistle of the engine, something near a half mile from the crossing. Appellant's fourth witness regarding the accident was driving a truck going in the same direction as the deceased about a half a mile behind the truck being driven by the deceased. He did not see the accident but arrived there shortly afterwards. He states that he heard the whistle of the train, and that he could see a portion of the train as it was proceeding along the track toward the crossing.

The most serious defect in appellant's case is the lack of evidence tending to show any negligence on the part of the appellee railroad company. There is also a total lack of evidence tending to show due care on the part of the deceased at the time of the accident. Under such circumstances the trial court was justified in directing a verdict as was done herein. *Whitesides v. Springfield Colliery Co.,* 138 Ill. App. 79; *Wilson v. Railway Steel Spring Co.,* 165 Ill. App. 344; *Sary v. Peoria & Pekin Union Ry. Co.,* 248 Ill. App. 417 (certiorari denied in this case).

The judgment of the trial court is therefore affirmed.

*Judgment affirmed.*