Edna Nordman, Administratrix of the Estate of Oscar Thoren, Deceased, Appellee, v. Walter A. Carlson, Appellant.

Gen. No. 9,209.

Heard in this court at the May term, 1937. Opinion filed September 9, 1937.

NORTH, GIBBONEY & NORTH, of Rockford, for appellant; FRANK P. NORTH, of counsel.

FRANK E. MAYNARD, of Rockford, for appellee.

Mr. Justice Dove delivered the opinion of the court.

Edna Nordman, administratrix of the estate of Oscar Thoren, deceased, instituted this suit against Walter A. Carlson, to recover for the alleged wrongful death of her intestate. The complaint alleged that the defendant was negligently and improperly operating his passenger automobile in an easterly direction along Rural street in Rockford on December 10, 1934, at a greater rate of speed than was then and there reasonable and proper, that deceased was walking in a northerly direction across Rural street at or about the east sidewalk line thereof at its intersection with Joslin and Summit streets and that by reason of defendant's negligent operation of his car, plaintiff's intestate, while in the exercise of due care and caution for his own safety, was struck and killed by defendant's automobile. An answer was filed which admitted the allegations of the complaint to the effect that defendant was the owner and operator of an automobile which he was driving along Rural street on December 10, 1934, but denied the other allegations of the complaint. The issues thus made were submitted to a jury, resulting in a verdict and judgment for the defendant. Upon appeal, this judgment, because of certain errors which occurred upon the trial of the cause, was reversed and the cause remanded. *Nordman v. Carlson*, 282 Ill. App. 642. Upon the second trial there was a verdict and judgment in favor of the plaintiff for $3,500 and the defendant appeals.

It is first insisted by counsel for appellant that the trial court abused its discretion, after the evidence had been concluded in reopening the case and permitting the plaintiff to offer proof as to who were the next of kin of plaintiff's intestate. The record discloses that after the evidence was closed and during the argument of the case by Mr. North, of counsel, representing ap-

pellant, he, Mr. North, said: "There is no proof of next of kin. You don't know who the heirs are. I don't know and I can't find out. You can search the record. You don't know whether he has any children or not. Now, gentlemen, possibly there has been a little slip made in the presentation of this matter" . . . . At this point, counsel for appellee interrupted the argument and upon his motion, the court, over the objection of counsel for appellant, reopened the case and proof was made that plaintiff's intestate left him surviving his wife, Hilma Thoren, and Edna Nordman, his daughter, and Armour Thoren, his son. It has always been held to be within the sound discretion of the trial court whether or not additional evidence may be admitted after both parties have rested, or before the close of the arguments to the jury. *Briggs v. Bankers Accident Ins. Co.,* 214 Ill. App. 181; *Brelsford v. Community High School District,* 328 Ill. 27. Appellant's rights were not prejudiced, nor was he surprised or put to any disadvantage by the admission of this evidence and the ruling of the trial court was in furtherance of the due and proper administration of justice.

Counsel for appellant next insist that the trial court erroneously permitted appellee to prove, over appellant's objections, the careful habits of the deceased. The record discloses that there was no living eyewitness to the accident except the defendant himself, and when appellee offered to prove the habits of the deceased, counsel for appellant tendered appellant to appellee as a witness. Counsel for appellant state that they have been unable to find any case in this or any other jurisdiction sustaining their contention, but call our attention to *Micca v. Alton R. Co.,* 281 Ill. App. 216, and the cases therein cited. It appeared in the *Micca* case that there was an eyewitness to the accident and this court sustained the ruling of the trial

court and held that evidence of the cautious habits of the deceased was incompetent where there is an eyewitness to the accident. The question here presented was not presented in the *Micca* case.

Counsel for appellant concede that appellant was not a competent witness in his own behalf but argue that appellee could call him and make him her own witness, and that when appellant tendered himself as an eyewitness, then appellee either had to call him or be barred from proving the habits of the deceased.

The applicable provision of the statute is that no party to any civil action or person directly interested in the result thereof shall be allowed to testify therein of his own motion or in his own behalf when any adverse party defends as the administrator of any deceased person unless when called as a witness by such adverse party. Ill. State Bar Stats. 1935, ch. 51, ¶ 2; Jones Ill. Stats. Ann. 107.068. It will be noted that the statute as applicable to the facts in the instant case says that appellant should not be allowed to testify on his own motion or in his own behalf, that is, that he was an incompetent witness to testify of his own motion or his own behalf. When, therefore, appellant tendered himself to appellee as an eyewitness of the transaction under investigation, his interests were adverse to those of appellee and if appellee called him when so tendered by appellant it would be upon the motion of appellant in order to preclude appellee from resorting to secondary evidence. In the instant case, the pleadings of appellant disclosed that his defense was that the deceased was not in the exercise of due care at the time and just before he was struck and killed by appellant's automobile and that he, appellant, was not guilty of the negligence charged in the operation of his car. The purpose of section two of the Evidence Act retaining the incompetency of parties

as witnesses where an adverse party is suing as administrator is to guard against the temptation to give false testimony in regard to the transaction in question on the part of the surviving party and to put the two parties to a suit upon terms of equality in regard to the opportunity of giving testimony. *Van Meter v. Goldfarb,* 317 Ill. 620.

In *Rouse v. Tomasek,* 279 Ill. App. 557, the plaintiff was suing as administrator and sought to recover from the defendant for the wrongful death of his intestate. The trial court, over the objection of the defendant and notwithstanding his counsel's statement to the court that the defendant was an eyewitness, permitted the plaintiff to testify that he was the husband and administrator of the deceased and that she was a person of careful habits. The defendant was then called as a witness in his own behalf and his counsel offered to prove the manner in which the accident occurred but upon objection by the plaintiff, he was not permitted to testify. In the Appellate Court his counsel insisted that the trial court erred in excluding the testimony of the defendant and in view of the fact that the defendant was an eyewitness to the occurrence, the trial court also erred in admitting the testimony as to decedent's habits. In its opinion the court said: "In the case at bar, before plaintiff could recover, it was necessary that he establish the fact that the decedent was in the exercise of due and ordinary care for her safety at the time of the accident. His testimony established the presumption that she was. The plaintiff, as the record indicates, will be the beneficiary in case a recovery is had here, and in view of the authorities, we are brought to the conclusion that he is a person having a direct interest in the event of the transaction; that having testified in his own behalf as to decedent's careful habits, he thereby made defend-

ant's proffered testimony as to decedent's conduct at the time of the accident relevant, material and proper for the purpose of rebutting this presumption. The court erred in rejecting the proffered testimony of the defendant with reference thereto.''

In *Young v. Patrick,* 323 Ill. 200, our Supreme Court said: "A defendant may not obtain the benefit of the rule prohibiting evidence of habits of care on the part of the deceased where there is an eye-witness unless he first tender the name and address of a witness competent to testify on the trial.''

In the instant case Carlson was a competent occurrence witness only if called by the plaintiff. He was not a competent witness to testify upon his own motion. Under the authorities we are of the opinion that the provisions of the Evidence Act, under consideration here, conferred upon the plaintiff the privilege of calling the defendant as her witness and she could have compelled him to testify but that she was not obliged to do so. Counsel for defendant in tendering the defendant himself as an eyewitness did not, within the meaning of the authorities, tender a competent witness and when it developed upon the hearing that defendant was the only surviving eyewitness and the plaintiff did not desire to avail herself of the privilege of using him for a witness, the trial court did not err in ruling that the habits of the deceased might be shown.

Counsel next insist that the court erred in giving the following instruction: "The court instructs the jury that the law in this state does not regulate a precise speed in miles per hour at which a motor vehicle must at any given time or place be run, but the law only states that such rate of speed must be no greater than is reasonable and proper, having regard to the traffic and the use made of the way, or so as to endanger the life or limb or property of any person and

leaves it to the jury to say under all the circumstances surrounding any given case, whether or not the automobile in question was being propelled at a speed that is reasonable and proper, having regard to the traffic and the use made of the way, or so as to endanger the life or limb or property of any person.'' The criticism directed against this instruction is that it is not based upon the evidence. It is true that there is no direct testimony as to the speed at which appellant was driving just before and at the time he struck the deceased. There are facts and circumstances in evidence such as the condition of the body of the deceased, the location thereof in the street and the distance which appellant's car traveled after striking him that tends to prove that appellant's car was traveling at more than a moderate rate of speed. Furthermore, D. W. Easton testified that on the evening of the accident he was present at the home of the deceased after the body of the deceased had been removed there, that the defendant was also there and he, Easton, inquired of appellant how the accident happened and defendant said that he, the defendant, was driving too fast. The defendant testified that he was at the Thoren home shortly after the accident but denied that Easton was there and denied that he had any conversation with him there. In *Van Meter v. Gurney,* 240 Ill. App. 165, 190, this identical instruction was given at the request of the defendants. In the instant case counsel concede it states the law correctly and in our opinion it is not subject to the objection urged against it.

Counsel finally insist, and say that their principal contention is, that the verdict is against the manifest weight of the evidence. The only eyewitness to the accident who survived, as hereinbefore stated, was appellant and he did not testify. The testimony, however, discloses that the deceased was, at the time of

his death, 66 years of age, in good health, enjoying good eyesight and hearing, weighed between 180 and 200 pounds, was about five feet nine inches tall and a man of careful habits, who stopped and looked before crossing a street. He lived on the south side of Rural street in the third house east of Summit street. Rural street runs in an easterly and westerly direction. Summit street intersects Rural street on the south but does not extend north. L. D. Palmer lived on the north side of Rural street, his dwelling facing south toward the intersection of Summit street. A brother of the deceased lived on the north side of Rural street, in the second house east of Palmer's, his house being situated at the corner of Joslin street and Rural, Joslin street intersecting Rural street on the north. The accident happened between seven and seven-thirty o'clock on the evening of December 10, 1934. There was an arc light at Davis street which intersects Rural street from the north, approximately 400 feet west of Joslin street, and another one approximately 245 feet east of Joslin street on Rural street. The body of the deceased was found in Rural street at a point about 35 feet east of the east line of Summit street if extended across Rural street and three or four feet from the north curb of Rural street. A pair of gloves and a cap of the deceased were found approximately in the center of Rural street near the east sidewalk line of the intersection of Summit street if extended north across Rural street.

The evidence further tended to prove that appellant, upon the occasion in question, was driving his car east along Rural street, that he struck the deceased with the left front fender of his car, that he proceeded some 200 feet east of the Summit street intersection, stopped his car and then backed his car on the south side of Rural street almost to the Summit street intersection, that he there got out of his car and went over to where

the body of the deceased was lying on the north side of Rural street. At the time of the collision and for some time before or after, there were no cars other than the car of appellant traveling along Rural street in either direction. There was also some evidence of tire skid marks upon the north side of the pavement, which led from a point about one foot north of the center of Rural street to within a few feet of where the body of the deceased was found. There is other evidence in the record to which we have already alluded, which tended to prove that appellant was traveling at an unreasonable rate of speed. From the foregoing and other testimony found in this record, we are unable to say that the verdict of the jury was not supported by the evidence, and it is not an unreasonable inference to be drawn therefrom that appellant was guilty of the negligence charged and that the deceased was in the exercise of due care and caution for his own safety as alleged in the complaint. The general rule is that negligence and contributory negligence are questions of fact for the jury and these questions, under proper instructions, were submitted to the jury and the finding of the jury, in our opinion, is warranted by the evidence found in this record. The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*