Marie Schwanz, Administratrix of the Estate of Robert William Schwanz, Deceased, Appellee, v. Sangamo Electric Company, Appellant.

Gen. No. 9,089.

Opinion filed January 17, 1938. Rehearing denied April 5, 1938.

A. M. FITZGERALD and L. W. ENSEL, both of Springfield, for appellant; WALTER T. DAY, of Springfield, of counsel.

ROY GEIBE HILL and CHARLES McBRIAN, both of Springfield, for appellee.

MR. PRESIDING JUSTICE FULTON delivered the opinion of the court.

On June 10, 1937, a jury in the circuit court of Sangamon county returned a verdict in this case finding the defendant, appellant here, guilty, and assessing the plaintiff's damages at the sum of $3,500. Judgment was entered by the court for $2,250, deducting from the verdict of the jury the sum of $1,250, paid by M. G. Clark for a covenant not to sue him. This appeal is prosecuted to reverse said judgment.

The complaint contained but one count which alleged in substance that the appellee's intestate, a boy of seven years, on the 25th day of September, 1935, returning from school, was walking on a sidewalk near the freight depot of the Wabash Railroad in the city of Springfield, and at a point where the driveway leading to and from the freight depot on its Monroe street side, crosses the sidewalk, and was struck, knocked down and run over by the appellant's truck. The complaint charged the appellant with negligent operation of his truck as to speed, not having stopped at the sidewalk or not giving warning signal of his approach and failing to use a high degree of care in respect to appellee's intestate. Due care on behalf of the appellee and appellee's intestate was also alleged.

The facts show that Marie Schwanz was the duly appointed and qualified administratrix of the estate of Robert Schwanz, deceased; that appellee's intestate was a boy of seven years of age, apparently in good physical condition, on his way from school to a day nursery; that he left school in the afternoon at about

3:15 and in order to reach the day nursery it was neces-
sary for him to proceed westerly upon a sidewalk run-
ning easterly and westerly along the south side of
Monroe street and also to cross a driveway leading to
and from the Wabash Railroad freight depot on its
Monroe street side; that the day was chilly with a
drizzling rain; that the boy was wearing a leather
jacket and when picked up after the accident his hands
were still in the side pockets of the jacket; that the
accident happened about 3:20 p. m.; that the boy's
mother worked in a factory during the day and called
for the boy at the day nursery on her way home from
work; that a truck, identified later on as belonging to
the appellant, drove out of the driveway on the west
side of the Wabash depot north across the sidewalk
on to Monroe street, turned east on Monroe street,
stopped momentarily at the Wabash Railroad crossing
and proceeded on down the street; that immediately
afterward a witness Clark backed his automobile from
the south side of Monroe street into said driveway.
No one seems to have seen the boy prior to the accident.
One witness, Harold Ralph Scheepman, a high school
student, was across Monroe street, in the company of
three other students, and noticed a truck turning east
on Monroe street from the freight depot drive. He
testified that beneath the truck a small child was lying
and that the left-hand wheel of the truck passed over
the boy's body, and then Mr. Clark, a man that worked
at the Wabash depot, got into his car and backed into
the driveway and his left-front wheel passed over the
boy's body; that the boy did not move after the truck
passed over his body; that the body was lying in the
street near the south curb line with its head facing
north. The boy was wearing a leather jacket with a
leather helmet. Blood was coming from both his mouth
and nose. The witness Scheepman saw no other truck
near that point at that time and testified that as soon

as Mr. Clark started to back into the driveway he started running to the other side of the street in order to attract the attention of Mr. Clark and keep him from running over the body.

M. G. Clark, testified that he was division freight agent for the Wabash Railroad; that his office was in the Wabash freight building which was a two-story brick structure built flush with the sidewalk on the south side of Monroe street; that on the afternoon in question he came down from his office with the intention of making some calls, got into his car which was parked on the south side of Monroe street in front of the freight house facing east; that he started his motor and let it run a minute or two because it was cold and a drizzling rain was falling. Then he looked out of his rear car window and saw a truck coming out of the driveway between the freight house and lumber company on the west; that the truck turned on to Monroe street and drove east; that he waited for the truck to get out of his way and then started to back into the driveway; that about the time he was headed north he saw some boys running across the street toward him and hollering, "You backed over a little boy." He immediately got out of his car and saw the boy lying about a foot in front of his front bumper. He identified the truck as one belonging to the appellant and driven by Mr. Franz.

It is strenuously urged by appellant that the appellee in this case has utterly failed to establish by competent proof the necessary elements constituting a cause of action. It insists that there is an absolute lack of testimony to show that the plaintiff's intestate was in the exercise of due care for his own safety immediately prior to and at the time of the injury complained of, and also that there is a total lack of proof tending to show that any wrongful act on the part of appellant was the proximate cause of the injury to said intestate.

It, therefore, is asking this court to reverse the judgment of the circuit court of Sangamon county and to enter judgment in this court in its favor and in bar of appellee's action. In the alternative they ask that judgment of the circuit court be reversed and the cause remanded for a new trial.

On the question of due care the record discloses that the plaintiff's intestate was a child of seven years, just on the border line of the age in which our courts have held that a child is not chargeable with contributory negligence. Since he was slightly over seven years of age he was required to exercise that degree of care and caution which boys of his age, capacity, intelligence and experience may reasonably be expected to use under like circumstances. True it is that there was no eyewitness who could describe the actions of the boy just prior to the accident, but the proof shows that he was dismissed from school about 3:15 in the afternoon and was traveling over the route between the school and the day nursery which he had been accustomed to travel almost every day, and a few minutes thereafter his body was found at the point heretofore described. The photographs in the record show that the freight depot was flush with the sidewalk along where the boy must travel on his route to the nursery. It seems to us that all of these facts and circumstances might be taken into consideration by the jury in determining whether or not the plaintiff's intestate was exercising that degree of care and caution required of one of his age and experience. In the case of *Wolczek v. Public Service Co. of Northern Illinois*, 342 Ill. 482, the court announced the following rule: "The rule in this State is that children are not held to the same accountability as adults. This rule is applicable alike in determining whether the child is guilty of contributory negligence or of trespass. At common law, a child under the age of seven years was conclusively presumed not respon-

sible for his acts. Between the ages of seven and fourteen years he was still so presumed to be, but this presumption might be overcome by proof of the intelligence or capacity of the child.''

On the further question as to the lack of proof supporting the charge of negligence on the part of the appellant, which was the proximate cause of the injury in this case, our courts have been called upon to lay down certain definite rules in cases where there were no eyewitnesses. In the case of *Devine v. Delano,* 272 Ill. 166, the court stated, ''The law only requires the highest proof of which the case is susceptible or that can reasonably be made.'' In the case of *Nordman v. Carlson,* 291 Ill. App. 438, which was an action to recover damages for the death of a pedestrian struck by an automobile at a street intersection and where there was no testimony by eyewitnesses, the court permitted the question of defendant's negligence to be submitted to the jury upon evidence showing that the deceased was in good health, enjoyed good eyesight and hearing though 66 years of age, was a man of careful habits and other proof as to the position of the deceased body, skid marks on the pavement and other similar facts. In this case the failure of the truck driver to see or observe the child, the fact that an eyewitness saw the rear wheels of the truck pass over the body of the child, the location of the building, sidewalk and driveway with reference to pedestrians, the position of the child's body upon the pavement and other items of evidence discussed in this opinion were all facts and circumstances which required the court to submit to the jury the question whether or not the appellant was guilty of the negligence charged. From a careful reading of all the testimony in this record, we cannot say that the finding of the jury was unreasonable or that there is no evidence to support the finding of the jury that the appellant was guilty of negligence in the oper-

ation of his truck in driving over the sidewalk from behind a brick building and not observing a seven-year-old boy passing along on the sidewalk.

The judgment of the circuit court will therefore be affirmed.

*Affirmed.*