ZEPEDA et al. v. MOORE.

No. 4096.

Court of Civil Appeals of Texas. El Paso.

June 5, 1941.

Rehearing Denied June 26, 1941.

G. Woodson Morris, of San Antonio, for appellants.

Dodson, Ezell & Duke, of San Antonio, for appellee.

SUTTON, Justice.

This is an appeal from the Fifty-Seventh District Court of Bexar County.

The suit is a death action brought by Mrs. Guadalupe L. Zepeda and her four adult and seven minor children, as plaintiffs, against S. J. Moore, as defendant, for the alleged wrongful death of Willie Zepeda, Sr., the husband and father of the plaintiffs. The parties will be here designated as in the trial court.

The trial was to a jury. On the verdict of the jury the court rendered judgment in favor of the defendant, from which the plaintiffs have perfected this appeal.

The death and this action are the result of a collision between a station wagon in which the deceased was riding and a truck operated by the defendant. The pleading of the plaintiffs alleges the truck was parked on Highway 66 about twelve miles south of San Antonio on the night of December 15, 1937, and that the station wagon was driven into the rear end of the truck; that the night was a dark, foggy, rainy night, and the pavement wet and slick. The truck was a gasoline-tank-trailer type. The evidence shows it was parked on the right side of the highway with the right-hand wheels on the shoulder and the left-hand wheels about one and a half feet on the pavement. The petition alleges the defendant was negligent in so parking his truck under the conditions prevailing that night, and otherwise charges liability. It charged other acts of negligence which we deem unnecessary to set out here.

The defendant answered with a general demurrer, a general denial, certain special denials, ten alleged specific acts of contributory negligence on the part of Willie Zepeda, Jr., the operator of the station wagon, five claimed acts of contributory negligence on behalf of the deceased, and unavoidable accident.

We think it unnecessary to further detail the pleadings, because such of them as are necessary will appear in the discussion of the issues raised.

The plaintiffs replied with a number of exceptions, general and special, but none of them present questions to be decided on this appeal.

The plaintiffs have eight assignments of error, and brief the first six under three propositions.

The first is that the court erred in sustaining the defendant's objection to and not permitting the witness Willie Zepeda, Jr., to testify that very shortly after the accident the truck driver started to move the truck, and that he (Willie Zepeda, Jr.) requested him not to move it until the "law" got there, to which the driver replied: "I will have to move it because I don't want to be responsible for another accident.". Plaintiffs insist the testimony is admissible as res gestae. The defendant objected on the grounds it is immaterial and irrelevant, did not tend to prove any matter alleged in the petition; that it constituted an attempt to have the truck driver confess liability for his employer; that it was a mere opinion and conclusion; that it denied the defendant the right of cross-examination, and was hearsay.

We think the statement was made under circumstances which would constitute it res gestae, if it were a statement of a fact such as would throw light on the transaction, and if otherwise admissible. We think the statement properly excluded, because at best it was nothing more than the conclusion or opinion of the truck driver. A conclusion or opinion is no more admissible as a declaration than if offered as original testimony under oath. DeWalt v. Houston E. & W. T. Ry. Co., 22 Tex.Civ.App. 409, 55 S.W. 534; Red Arrow Freight Lines v. Gravis, Tex.Civ. App., 84 S.W.2d 540, and cases cited.

Plaintiffs submit their second proposition as pertinent to their assignments two, three, four and five, which proposition is: "It is settled law that either party is entitled to have any fact or group of facts raised by the pleadings and the evidence affirmatively or directly presented to the jury."

Assignments two, three, four and five complain of the failure of the court to submit their special charges in the form of special issues, and numbered as Special Charges Nos. 1, 2, 4 and 5. The defendant objects to a consideration of Proposition No. 2, because it is multifarious and a mere general abstraction. We think this is technically correct, but the assignments are otherwise without merit. Special Charge No. 1 is fully covered in the court's main charge in Special Issue No. 1, and to have given the special charge would have been a repetition of what had already been submitted. Special Charge No. 2 is not in proper form, in that it submits two issues

214

in one. It undertook to have the jury answer if the truck had a clearance light visible under ordinary atmospheric conditions at 500 feet, and without having in lieu thereof a reflector conforming in color and marginal location to a clearance lamp visible at 200 feet when opposed by a light of a motor vehicle displaying lawful undimmed lights at night on an unlighted highway. Moreover, the same is substantially covered in Special Issue No. 10. The affirmative of Special Charge No. 3 was submitted in the court's Special Issue No. 28, and the plaintiffs were not entitled to a double submission thereof. Wright v. Traders & General Ins. Co., 132 Tex. 172, 123 S.W.2d 314. There was no occasion to give Special Charge No. 4, because it was admitted the truck was parked partially on the paved portion of the highway, and as admitted and assumed was submitted in Special Issue No. 1 of the main charge.

Assignment No. 6 complains of the action of the court in permitting an automobile mechanic to testify hypothetically as to how long it would take an automobile to stop after the brakes were applied going at a rate of 25 or 30 miles per hour, etc. Plaintiffs objected on the ground that the inquiry was not the subject of expert testimony and that it is impossible for any man, lay or expert, to tell what an automobile would do under the circumstances. The record shows the witness called in an automobile mechanic and has engaged in the business for some twenty years, during which time he has worked on cars, including the brakes. The station wagon was a 1931 Model-A Ford. The witness testified he owned two cars of the same make and model, and had worked on cars of like make and model and had given them many road tests and could say approximately in what distance a car could be stopped.

We find no Texas case wherein the exact question with respect to an automobile has been decided. We do not regard the question as difficult. It has been held in this State that experts may give their opinion as to the rate of speed from facts detailed to them, and that ordinary laymen with practical experience and observation with the movements of cars may give such an opinion. Stamper et ux v. Scholtz et al. Tex.Civ.App., 29 S.W.2d 883, writ refused. We see no practical difference in such a case and the instant case. It has been held in other jurisdictions that an expert or a layman who has

had practical experience with cars may testify within what distance a car may be stopped under a given state of facts. Bozman v. State, 177 Md. 151, 9 A.2d 60; Morris v. Montgomery, 229 Mich. 509, 201 N.W. 496. It is likewise held an expert may give such testimony in State v. Gray, 180 N.C. 697, 104 S.E. 647; Young v. Patrick, 323 Ill. 200, 153 N.E. 623; and Friedler v. Hekeler, 96 Conn. 29, 112 A. 651. We are unable to make any distinction between the admissibility of such testimony when applied to automobiles and that given in cases involving trolley cars, locomotives, or the operation of machinery which requires skilled or special knowledge and experience.

We find no error as assigned, and the judgment of the trial court is affirmed.