# ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

# MARTIN WELDON, Administrator, etc.

1. WITNESS—COMPETENCY—*under act of* 1867. In an action against a railroad company to recover damages for the death of a person caused by the alleged negligence of an employee of the company, such employee is a

competent witness, under the act of 1867, in behalf of the company, notwithstanding his interest in the result of the suit by reason of his liability over to the company.

2. ERROR WILL NOT ALWAYS REVERSE—*where a witness ruled to be incompetent is rendered competent by a release.*  Where a witness was improperly ruled to be incompetent on the ground of interest, and was afterwards rendered competent, under the common law, by means of a release, and allowed to testify, such erroneous ruling will not avail the party against whom it was made, as he had the full benefit of the witness' testimony.

3. NEGLIGENCE—*of contributory negligence.*  In an action against a railroad company to recover damages for the death of a person, caused by the alleged negligence of the company while the deceased was engaged in unloading a coal car, it was deemed the central question whether the deceased used proper care and caution in entering upon the car under the circumstances then existing, the company's employees being at the time engaged in switching upon the track where the coal car was standing, in making up a train; for however discreet and careful the deceased may have been when on the car, the question remained, and to be submitted to the jury, was he justified in being there at that time, and under the circumstances?

4. INSTRUCTION—*should be based upon the evidence.*  In such an action, brought under the statute, for the benefit of the widow and next of kin, there was no evidence that the deceased was fitted by nature or education, or by disposition, to furnish to his children instruction, or moral, physical or intellectual training, and for want of such evidence, it was held to be a misdirection to the jury, to instruct them that such training and instruction by the deceased, of his children, were proper elements to consider in ascertaining the pecuniary loss suffered by the children.

5. MEASURE OF DAMAGES—*in such action.*  In such an action, the damages can be only for the pecuniary loss to the widow or next of kin; nothing is to be allowed by way of solace.

6. SAME — *what may be considered as a proper element of damages.*  In estimating the pecuniary injury, the jury may, in a proper case, where there is evidence authorizing them to consider the subject, take into consideration the support of the widow of the deceased, and the minor children, and the instruction, and physical, moral and intellectual training of the minor children by the deceased.

7. SAME—*of the amount of damages—when excessive.*  In an action of this character, it appeared the deceased was a common laboring man, who left a widow and several minor children, but what wages he was receiving or earning was not shown, yet a verdict of $5000 was regarded too much, in view of there being no evidence that he earned, annually, as much even as one half the interest on that sum.  Some evidence should be given of the

profits of the labor of the deceased, and what he might probably earn for the future support of his family, to justify so large a verdict in such a case.

APPEAL from the Circuit Court of Whiteside county; the Hon. W. W. HEATON, Judge, presiding.

This was an action on the case, brought under the statute, by Martin Weldon, as administrator of Christopher Weldon, deceased, for the benefit of the widow and next of kin, against the Illinois Central Railroad Company, for wrongfully causing the death of the said Christopher.

The circumstances attending the accident were briefly these : the deceased, being in the employment of a coal dealer, as a laborer in unloading coal from cars at the company's depot in Dixon, in this State, on the day of the accident had been unloading coal from a car standing on one of the tracks, and on returning to his work, after a short absence, he found the coal car removed from the place at which he had been unloading it, it having been drawn away with some other cars by the employees of the company, who were engaged at the time in switching upon that track in making up a train. The coal car was soon put back in its former position, when the deceased got into the car and commenced the work of shoveling out the coal, the switching still going on upon that track. While so at work, other cars were run against the coal car with such force as to throw deceased upon the ground, and he was run over and killed.

A trial resulted in a verdict and judgment for the plaintiff, for $5000. The railroad company appeals. The opinion of the court sufficiently presents the grounds of the alleged error.

Messrs. GOODWIN & WILLIAMS, and Mr. B. C. COOK, for the appellants.

Mr. WILLIAM BARGE, for the appellee.

Mr. Chief Justice Breese delivered the opinion of the Court:

Several objections are made on this record, but we shall address ourselves to those bearing upon the instructions. Preliminary to this, an objection raised on the rejection of the testimony of Woolley, a witness called for appellants, will be disposed of. Woolley, the rejected witness, was an employee of appellants in a capacity connecting him with the making up of trains for the road, and when offered as a witness, was rejected, on the ground of interest, being liable over to appellants.

The rule of the common law in relation to the interest of a witness is familiar to all, and operated in full force in this State until the enactment of the law of 1867. However much the existence of the rule was regretted by the most learned and distinguished courts of this country and of England, it was inexorably enforced, and witnesses of the highest character in the community were excluded from the stand, if it appeared they had an interest in the event of the suit. To make such competent, resort was had to a written release executed with all the forms of law. Our legislature, in a spirit of enlightened policy, abolished this rule, by declaring that no person should be disqualified as a witness in any civil action, suit or proceeding, or by reason of his or her interest in the event thereof, as a party or otherwise, or by reason of his or her conviction of any crime. Sess. laws, p. 183.

By the common law, and under the authority of the case of the *Galena & Chicago Union Railroad Co.* v. *Welch*, 24 Ill. 33, this witness was incompetent, but this act of 1867 removed his disability, and he should not have been rejected, or the appellants compelled to execute to him a release of whatever claim they may have had on him for prospective damages, and did the cause rest upon this point, we should be inclined to hold the error sufficient to reverse the judgment. But the appellants were not deprived of the testimony of this witness. He was sworn and examined, and testified fully in the cause.

Now, as to the instructions. Those given for appellee are for the most part confined to the conduct of the deceased whilst engaged in unloading the coal cars, without any reference to the question of going upon that car at the time and under the circumstances he did enter upon it. The central question is, did the deceased use proper care and caution in entering upon this car under the circumstances then existing? This is an important question in the case, and to which the attention of the jury was not called. However discreet and careful the conduct of deceased may have been when on the car, the question remains, was he justified in being there at that time, and under the circumstances?

· On another trial, the attention of the jury will be called to this central fact.

Exception is taken to the tenth instruction given for appellee. It is as follows:

" The jury are instructed that in estimating the pecuniary injury, if they believe from the evidence that the widow and minor children of said Christopher Weldon, deceased, have sustained any injury for which the defendant is liable, they have a right to take into consideration the support of the said widow and minor children of the deceased, and the instruction, and physical, moral and intellectual training, of the minor children of the deceased, and also the ages of the said minor children, and the pecuniary condition of the said minor children and widow of the deceased, in determining the amount of damages in this case, if they believe from the evidence that said Weldon left a widow and minor children."

To the principle contained in this instruction, we perceive no objection. The matter of it has been elaborately discussed in the courts of several of the States, but in none, perhaps, with more ability than in the court of appeals of the State of New York, in the case of *Tilly, Admr.* v. *The Hudson River R. R. Co.* 29 N. Y. 252. That case was more than once

before the court of appeals, and it was held that the nurture, and instruction, moral, physical and intellectual training, by the deceased, of her children, were proper elements to enter into the consideration of pecuniary loss suffered by the children. In that case there was evidence on which to base that instruction; in this case there is no such evidence, and therefore it should not have been given. In the absence of such evidence, it was a misdirection of the court. There was no proof tending to show that the deceased was fitted by nature or education, or by disposition, to furnish to his children instruction, or moral, physical or intellectual training. On another trial this may be shown.

A point is made upon the amount of damages allowed. It will be perceived the jury have gone to the extent of the law, and, without any proof other than the fact of death, have said the pecuniary loss thereby to his widow and next of kin is five thousand dollars, and no less.

By section two of the act under which this action is brought, a jury is permitted to give such damages as they shall deem a fair and just compensation, with reference to the pecuniary injuries resulting from the death, to the widow and next of kin of the deceased, not exceeding five thousand dollars. The only injury for which a jury can estimate, is a pecuniary injury, that is, what have the widow and next of kin lost, in a money view, by the death? Nothing is to be allowed by way of solace. In *Conant* v. *Griffin, Admr.* 48 Ill. 410, which was a case under this statute, it was distinctly announced, as it had previously been, in other like cases, that the damages could only be for the pecuniary loss, not for the bereavement. *City of Chicago* v. *Major,* 18 ib. 349; *Chicago and Rock Island Railroad Co.* v. *Morris,* 26 ib. 400. The amount awarded by the jury, placed at interest, would yield five hundred dollars per annum. There was no proof that deceased earned, annually, one-half of that amount by his labor, or that his prospects were such, and such his business capacity, as to justify a reasonable expectation that he would, in the future, earn

one-half the interest on that sum. He was a common laboring man, but at what wages there was no proof. This court said, in the case of the *Chicago and Alton Railroad Co.* v. *Shannon, Admr.* 43 Ill. 338, if the deceased was poor, the loss may consist in the fact that his personal exertions can no longer support those dependent upon him, but the subject itself does not lie within the limits of exact proof. While this is so, yet surely some evidence should be given of the profits of the labor of the deceased, and what he might, in all probability, earn for the future support of his wife and children. In this consists essentially the loss to the family. If some rule is not prescribed by which juries must be governed in such cases, the result will be in all cases a verdict to the extent of the law. The jury have no right to find arbitrarily, that the death of any husband and father results in a pecuniary loss to his widow and next of kin of five thousand dollars. A verdict rendered without evidence on a material point, and for the largest amount provided by law, bears very much the appearance of being the result of prejudice and passion.

For the reasons given, the judgment is reversed and the cause remanded.

*Judgment reversed.*