# Maria G. Barretta, Plaintiff in Error, v. Chicago Railways Company, Defendant in Error.

## Gen. No. 24,453.

1. COURTS, § 150*—*when instruction on degree of proof will not be held erroneous.* Although an instruction stating in substance that if plaintiff has not established her case by a preponderance of the evidence, or if the evidence is evenly balanced, or if the jury are in doubt and unable to say on which side is the preponderance, then in either of such cases the verdict should be not guilty, has been criticized by the Appellate Court as misleading, the law as stated in such instruction having been approved by the Supreme Court, the instruction was approved in the personal injury case in question.

2. COURTS, § 150*—*decision of Supreme Court approving instruction as binding on Appellate Court.* Although an instruction may have been criticized by the Appellate Court as misleading, decisions of the Supreme Court approving a like instruction are binding on the Appellate Court.

3. APPEAL AND ERROR, § 1698a*—*when objection to instruction waived.* The objection that an instruction, stating that the mere happening of an accident in and of itself raised no presumption of negligence on the part of the defendant, nor was it evidence in and of itself of the exercise of due care on the part of the plaintiff, was misleading, in a case where plaintiff's theory was that the injury in question was caused by instrumentalities wholly within the control of defendant carrier, was waived by the giving of an instruction at plaintiff's request stating that while no person is liable for a pure accident, still the law is, etc., thus adopting in substance the instruction complained of.

4. APPEAL AND ERROR, § 1698a*—*when party not in position to complain of instruction.* A party is not in position to complain of an instruction where one in substance the same was given at his own request.

5. APPEAL AND ERROR, § 1539*—*when giving of instruction not applicable to case will not be reversible error.* Although an instruction stating in substance that if the jury believed from the evidence that so far as defendant was concerned the accident proved was unavoidable, then plaintiff could not recover, was not applicable to the case in question, where plaintiff claimed that she was thrown by the sudden starting of defendant's car while she was alighting, and defend-

ant claimed that plaintiff fell shortly after she had alighted from the car and without negligence on defendant's part, and should therefore not have been given, the error was not reversible as the jury were not misled thereby.

6. APPEAL AND ERROR, § 1539*—*when giving of instruction not applicable to facts will not be reversible error.* Although an instruction was not applicable to the facts upon the theory of either party, the giving was not reversible error where the jury were not misled thereby.

Error to the Superior Court of Cook county; the Hon. JOSEPH SABATH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Affirmed. Opinion filed June 10, 1919.

ELMER & COHEN, for plaintiff in error.

PHILIP ROSENTHAL and WILLIAM H. SYMMES, for defendant in error; J. R. GUILLIAMS and FRANK L. KRIETE, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is error by the plaintiff below, who seeks to reverse a judgment for defendant, entered upon the verdict of a jury. The action was in case.

Plaintiff in her declaration alleged that she became a passenger on one of defendant's cars, that the car stopped for the purpose of permitting her to alight, that while she was doing so with due care, defendant, without warning, suddenly started up the car, throwing plaintiff to the pavement and severely injuring her.

The testimony of plaintiff and other witnesses produced in her behalf tended to sustain the allegations of the declaration, while that offered for defendant tended to sustain its contention that plaintiff fell and sustained her injury shortly after she alighted from the car and without any negligence on defendant's part.

The error urged here is that the jury were improp-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

erly instructed as to the law.    Defendant's given instruction No. 7 was as follows:

"You are instructed that the plaintiff is required by law to establish her case by a preponderance of the evidence before she can recover.    If the plaintiff in this suit has not so established her case, or if the evidence is evenly balanced, or if you are in doubt and unable to say on which side is the preponderance, then, in either of these cases, the verdict should be *not guilty*."

This instruction is criticized as tending to mislead the jury.    There are decisions of the Appellate Court which seem to so hold: *Gehrig v. Chicago & A. Ry. Co.*, 201 Ill. App. 287; *Thiele v. Hetzel*, 184 Ill. App. 634; *Illinois Steel Co. v. Koshinski*, 135 Ill. App. 587.

However, the law as stated in this instruction has been approved by the Supreme Court in *Koshinski v. Illinois Steel Co.*, 231 Ill. 198; *Chicago City Ry. Co. v. Nelson*, 215 Ill. 436; *Vischer v. Northwestern El. R. Co.*, 256 Ill. 572, and we are bound by these decisions.

The 15th instruction for defendant is also criticized. It told the jury:  "That the mere happening of an accident, in and of itself, raises no presumption of negligence on the part of the defendant, nor is it evidence, in and of itself, of the exercise of due care on the part of the plaintiff."    Plaintiff in error claims this instruction is misleading in a case like this, where the theory of the plaintiff was that the injury was caused by instrumentalities wholly within the control of the defendant carrier.    *New York, C. & St. L. R. Co. v. Blumenthal*, 160 Ill. 40; *Heineke v. Chicago Rys. Co.*, 279 Ill. 210.    Plaintiff, however, requested and the court instructed the jury, "while no person is liable for a pure accident, still the law of this case is," etc., thus adopting in substance the instruction.    She is, therefore, not in a position to complain.    *McInturff v. Insurance Co. of North America*, 248 Ill. 92.

By the 16th instruction for defendant the jury were told:

"It is not every accident that makes a street railway company liable for damages. If an accident is unavoidable, then no liability is incurred, whether, as a result of it, a person is seriously or slightly injured. And so, if you believe from the evidence in this case, that so far as the defendant is concerned the accident proved was unavoidable, then the plaintiff cannot recover."

This instruction was not applicable to the facts of the case upon the theory of either of the parties, and the court is of the opinion that it should not have been given. The majority of the court, however, are of the opinion that the jury were not misled thereby, and that the error was therefore harmless.

The judgment will be affirmed.

*Affirmed.*