Leo Sankey, Administrator of Estate of Leo H. Sankey, Jr., Deceased, Appellant, v. Interstate Dispatch, Inc., and Glenn Karch, Appellees.

Gen. No. 44,849.

Opinion filed January 19, 1950. Released for publication February 21, 1950.

POSANSKI, LELIVELT & BARON, of Chicago, for appellant; ROMAN E. POSANSKI and CHARLES D. SNEWIND, both of Chicago, of counsel.

■■■■■■■■■■

■■■■■■■■■■

BARRETT, BARRETT, COSTELLO & BARRETT, of Chicago, for appellee; JOHN W. COSTELLO, of Chicago, and EDWARD WOLFE, of Springfield, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

Leo Sankey, administrator of the estate of Leo H. Sankey, Jr., deceased, filed a complaint in the circuit court of Cook county against Interstate Dispatch, Inc., and Glenn Karch, under the Injuries Act for the wrongful death of his son, Leo H. Sankey, Jr., who was killed on January 31, 1946, as the proximate result, as plaintiff alleged, of the negligence of the defendants in the operation of a motor truck. The corporate defendant denied that it or its servant was guilty of negligence in driving the motor vehicle, denied that the next of kin of plaintiff's intestate or plaintiff's intestate were in the exercise of due care and caution, and denied that plaintiff suffered any damage. The original and an alias summons were filed with a return that Glenn Karch was "not found." He did not file a pleading or otherwise enter an appearance.

At about 8:15 p. m. on the evening of January 30, 1946, Leo Sankey, Jr. borrowed his father's car and drove to the home of Bartole Alaimo. Later in the evening the two young men met Mrs. Elizabeth Vaughn and Mrs. Betty Androff, with whom they were acquainted. The four went in the automobile to a restaurant near 95th street and Western avenue, Chicago. Shortly after 2:00 a. m. they left the restaurant and got into the automobile, the decedent, Sankey, and Mrs. Androff sitting on the front seat and Alaimo and Mrs. Vaughn on the rear seat. At about 3:00 a. m. on January 31, 1946, decedent was driving the automobile in a southerly direction on Torrence avenue, a four-lane highway running in a northerly and southerly direction. Glenn Karch was driving a tractor

and semi-trailer on a run from Indianapolis to the Chicago terminal of the corporate defendant with a load of freight, proceeding in a northerly direction on Torrence avenue. It was a cold night, quite windy and snow was falling and being blown over the street. There was a collision between the truck and trailer and the automobile on Torrence avenue at about 134th street, Chicago, resulting in the death of plaintiff's intestate.

At the time decedent was 22 years old, lived with his father and mother and earned between $40 and $45 a week. He was in good health and physical condition. Bartole Alaimo was the only occurrence witness to testify in behalf of plaintiff. Over the objection of plaintiff Karch, who had not been dismissed as a party defendant, was permitted to testify for the corporate defendant as an occurrence witness. His testimony was in many respects in direct conflict with the testimony of Alaimo. He was the only occurrence witness for the corporate defendant. The jury returned a verdict of "not guilty" as to the corporate defendant. A motion for a new trial was overruled and judgment was entered on the verdict, to reverse which plaintiff prosecutes this appeal.

 Plaintiff insists that Karch, being a party to the action as well as a person directly interested in the event thereof, was an incompetent witness, and that the court committed reversible error in permitting him to testify. The objection of plaintiff is grounded on sec. 2 of the Evidence Act, reading in part, as follows: "No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends as the . . . administrator . . . of any deceased person . . . unless when called as a witness by such adverse party so suing

or defending, and also except in the following cases, namely: . . . ." The defendant does not contend that the testimony of Karch became competent because of any exception specified in sec. 2. It maintains that the mere fact that Karch was named in the complaint and in the summons as a defendant did not in law make him a "party" to the action. We do not find any cases directly in point on this proposition. Having carefully examined the facts and the reasoning in the case of *Webb v. Willett Co.,* 309 Ill. App. 504, we are of the opinion that it is somewhat analogous to the case at bar. There the action was by an administratrix of a person who was killed in a collision with a truck of the Willett Company driven by John Krett, alleged to be its servant at the time. In the first trial a verdict was directed in favor of the Willett Company and the jury returned a verdict for $10,000 against Krett. Judgment was entered against Krett from which he did not appeal. The administratrix appealed. We reversed the judgment in favor of the company and remanded the cause for a new trial. On a retrial the Willett Company called Krett as a witness. Plaintiff objected to him testifying on the ground that she was suing as administratrix and that he was not a competent witness by virtue of sec. 2 of the Evidence Act. The court sustained the objection, whereupon defendant's counsel offered to prove by Krett that he was not acting for the defendant at the time of the occurrence and also as to how the mishap occurred. Because of the court's ruling refusing to permit Krett to testify, a judgment against the Willett Company in the second trial was reversed and the cause again remanded for a new trial. The court said that it was called upon to decide only one question, *viz.,* was Krett a party to the action upon the second trial of the case? After reviewing the Illinois authorities on this subject the court entertained no doubt that Krett, at the time of the second trial, was no

longer a party to the action. The court quoted the following with approval from 1 Greenleaf Ev., sec. 535: "Parties, in the larger sense, are all persons having a right to control the proceedings, to make defence, to adduce and cross-examine witnesses, and to appeal from the decision, if any appeal lies." In the instant case Karch, could have appeared. Although, as plaintiff points out, two unsuccessful attempts had been made to serve him, no effort was made to serve him while he was appearing as a witness. See *Williard v. Zehr*, 215 Ill. 148; *Greer v. Young*, 120 Ill. 184; *Sbertoli v. Clark*, 263 Ill. App. 65. The trial judge was called upon to decide whether Karch was a competent witness at the time he was placed on the stand. At that time Karch, not having been served with process and not having appeared, could not control the proceedings in any way. It is true that in the *Webb* case judgment had been entered against Krett prior to the time when he was called to the witness stand. The reasoning in the *Webb* case is applicable to the factual situation in the case at bar. In the *Webb* case Krett was still a party defendant. He could under appropriate facts file a petition in the nature of a writ of error *coram nobis* under sec. 72 of the Civil Practice Act [Ill. Rev. Stat. 1949, ch. 110, par. 196; Jones Ill. Stats. Ann. 104.072] and the plaintiff could proceed against him under sec. 73 of the Civil Practice Act. In *Cory Corp. v. Fitzgerald*, 335 Ill. App. 579, it was held that in determining what constitutes "three-fourths of the defendants" for the purpose of satisfying the statutory requirement that application for change of venue must be made by or with the consent of three-fourths of the defendants (ch. 146, par. 9, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 107.324]), that only those defendants need be considered who have been served with summons or, not having been served made an appearance. We are satisfied that under the factual situation Karch

425

was not a "party" to the action within the contemplation of sec. 2 of the Evidence Act.

The second criticism leveled at the judgment is that Karch was a person directly interested in the event of the suit and therefore incompetent to testify under sec. 2 of the Evidence Act. In *Illinois Cent. R. Co. v. Weldon*, 52 Ill. 290, the administrator of Christopher Weldon, deceased, commenced an action against the railroad company to recover damages for wrongful death. When an employee named Woolley, not a co-defendant, was offered as a witness an objection to his testimony was sustained "on the ground of interest, being liable over to appellants." The defendants then executed to Woolley a release of whatever claim they might have against him for prospective damages. Thereupon he was permitted to testify. The court said (293):

"By the common law, and under the authority of the case of the *Galena & Chicago Union Railroad Co. v. Welch*, 24 Ill. 33, this witness was incompetent, but this act of 1867 removed his disability, and he should not have been rejected, or the appellants compelled to execute to him a release of whatever claim they may have had on him for prospective damages, and did the cause rest on this point, we should be inclined to hold the error sufficient to reverse the judgment."

The leading case on this subject is *Feitl v. Chicago City R. Co.*, 211 Ill. 279, which was an action for the wrongful death of Henry Feitl, caused by the alleged negligence of the defendant through its motorman, George Pett. The defendant offered the testimony of Pett as a witness to the occurrence and plaintiff objected to his competency on the ground that the witness "was liable over to the defendant for any damage he may have caused." There was a verdict of not guilty and a judgment for the defendant which was affirmed by the Appellate Court (113 Ill. App. 381). The Appellate Court

426

held that even though the motorman's testimony was incompetent on the ground stated, the verdict was proper. The Supreme Court held, however, that the motorman was a competent witness and, reaffirming its holding in the *Weldon* case, said (286):

"It is not to be presumed that the court, in deciding the case of *Illinois Central Railroad Co. v. Weldon, supra,* overlooked the provisions of the act upon which the decision was based, or that such an inference arises merely from a failure to comment at length upon the various provisions of the act. The general purpose of the act was to remove disqualifications on the ground of interest, leaving the interest to be shown for the purpose of affecting the credibility of the witness."

The court in the *Feitl* case, in discussing the question of whether the witness was "directly interested in the event" of the suit, said (288):

"In this case a judgment against the defendant would not be evidence of anything for the purpose of establishing a liability of the witness. It is a fundamental principle that no party can be concluded without being heard, and those, only, are concluded who are adverse parties, between whom the matter in controversy is adjudicated. A person not having a right or opportunity to make a defense, control the proceedings, examine and cross-examine the witnesses and appeal from the judgment, if an appeal is allowed by law, or sue out a writ of error, is not concluded by the judgment. (24 Am. & Eng. Ency. of Law,—2d ed.—735.) Of course, if the defendant succeeded in this suit it would have no action over against the witness because there would be no foundation or basis for a claim, but if it failed it would be required to prove the liability of the witness in a subsequent action, without regard to the judgment. If the witness should be subsequently sued by the plaintiff for the same wrong, the judgment

would be neither evidence for nor against him. He would not be relieved from liability by the judgment. Where one is responsible over to another for whatever may be justly recovered in a suit against the other, and is duly notified of the pendency of the suit and requested to take upon himself the defense of it, and is given an opportunity to do so, the judgment, if obtained without fraud or collusion, will be conclusive in a subsequent suit against him. . . . The witness in this case was not in that position and his interest in the event of the suit was only consequential or indirect, as explained by the authorities. The act of 1867 removed the disqualification of witnesses on the ground of interest, generally, and in the case of a suit by an administrator retained the disqualification only where the witness is directly interested in the event of the suit.''

In the *Webb* case, the court said (509) :

''Plaintiff, in her brief, states 'that the basis upon which the testimony of the codefendant, John Krett, was incompetent, was *not* predicated upon the question of his *interest* but *was* predicated *solely* upon the fact that *he was an adverse party in a law suit prosecuted by the administratrix of a deceased estate.'* In the foregoing statement the able counsel for plaintiff makes no concession upon the question of Krett's interest for under the ruling in the well known case of *Feitl v. Chicago City Ry. Co.*, 211 Ill. 279, *even if Krett were still an employee of defendant at the time of the second trial,* nevertheless, if he were not a party to the suit he might testify for his employer in a suit by the administratrix against the employer, as the employee is not so 'directly interested in the event of the suit' within the meaning of section 2 of the Evidence Act as to disqualify him as a witness.''

Under the factual situation we find that Karch was not a witness ''directly interested in the event'' of the

suit within the meaning of section 2 of the Evidence Act. The court did not err in overruling plaintiff's objections to his competency on either ground.

 Plaintiff asserts that the judgment should be reversed because of the injection of improper, immaterial and prejudicial evidence into the record. Ernest Farrell, a truck driver who arrived on the scene after the occurrence, testified that he carried one of the injured women occupants of decedent's car to the cab of his truck, where he asked her if her husband or any other relative was out there, to which she replied in the negative. He testified further that she stated to him that "they were making the rounds of beer joints." A motion by plaintiff's attorney that the latter statement be stricken and that the jury be instructed to disregard it was allowed, and the court so instructed the jury. The above statement was not elicited by the question propounded by defendant's attorney and apparently was stricken because it was not responsive. Counsel for plaintiff apparently recognized that the question was proper as he made no objection. In view of the fact that the part of the answer to which defendant now objects was not responsive, that it was stricken, and that at the request of plaintiff's counsel the jury was instructed to disregard it, we are of the opinion that the plaintiff is not entitled to a new trial because of the making of such statement by the witness.

 The attorney for the defendant then inquired of Farrell, "Did you detect the odor of alcohol on her breath?" to which he replied, "I did. The whiskey— the alcohol." It is unnecessary to determine whether error was introduced into the record in the question and answer relative to the detection of alcohol on the woman's breath, as no objection was made either to the question or to the answer and no motion made to strike it from the record. It has frequently been held that we will not review the admissibility of evidence where

no objection thereto is made in the trial court. *Morey v. Brown,* 305 Ill. 284; *Forest Preserve Dist. v. Lehmann Estate, Inc.,* 388 Ill. 416; *Schachtrup v. Hensel,* 295 Ill. App. 303, and *Hollister-Whitney Co. v. McCallum,* 331 Ill. App. 172.

██ Plaintiff argues that the court erred in giving to the jury the following instruction:

"You should return a verdict in favor of the defendant if the evidence is evenly balanced, or if it preponderates in favor of the defendant, or if you are unable to determine as to its preponderance."

The law as stated in this instruction has been approved in *Koshinski v. Illinois Steel Co.,* 231 Ill. 198; *Chicago City Ry. Co. v. Nelson,* 215 Ill. 436; *Visher v. Northwestern El. R. Co.,* 256 Ill. 572; *Barretta v. Chicago Rys. Co.,* 214 Ill. App. 455 and *Fechtner v. Vanderwall,* 339 Ill. App. 143.

██ Plaintiff, contending that the court gave six instructions on contributory negligence, states that the repetition of instructions upon a single point gives undue prominence thereto and constitutes reversible error. We have carefully read all instructions and are convinced that the court did not place undue emphasis on the defense of contributory negligence. The six instructions were not all on the subject of contributory negligence.

For the reasons stated, the judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

Lewe, P. J., and Kiley, J., concur.