**Lullie HORTMAN, Special Administratrix of the Estates of Ester B. Hortman and Albert Hortman, Deceased, Plaintiff-Appellant,**

v.

**John W. HENDERSON and Stahly Cartage Company, an Illinois Corporation, Defendants-Appellees.**

**No. 17758.**

United States Court of Appeals, Seventh Circuit.

Oct. 23, 1970.

Harvey L. McCormick, Kansas City, Mo., for plaintiff-appellant.

John M. Moelmann, D. Kendall Griffith, Leonel I. Hatch, Jr., Chicago, Ill., for defendants-appellees; Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., of counsel.

Before KILEY, KERNER and PELL, Circuit Judges.

PELL, Circuit Judge.

On the morning of July 29, 1966, at about 5 a. m., in the state of Missouri, an automobile driven by one Mary Hortman in which Albert Hortman and Ester Hortman, father and son, being plaintiff's decedents herein, were passengers, collided with a tractor-trailer of defendant Stahly Cartage Company, driven at the time by the defendant, John W. Henderson. As a result of the collision, Albert and Ester Hortman, as well as the driver of the vehicle in which they were passengers, were killed. The deceased persons as well as the other occupants of the automobile were residents of Wisconsin and Stahly was an Illinois corporation with its principal office in Illinois. A wrongful death action was filed by the plaintiff special administratrix in the Northern District of Illinois. The district judge dismissed the action insofar as the claim arising out of Albert Hortman's death was concerned but permitted the case to go to the jury in regard to the claim arising from the death of Ester B. Hortman. The jury returned a verdict for both defendants.

Error is claimed in three respects on this appeal but we find validity in only one of the three asserted grounds.

 The accident having occurred in Missouri, the law of that state was controlling on substantive matters. Hortman contends that the jury was not adequately instructed on the Missouri Humanitarian Doctrine. Plaintiff tendered an instruction incorporating the applicable portion of the Missouri statute, 16 Vernon's Ann.Mo.Stat. § 304.010, which reads as follows:

"1. Every person operating a motor vehicle on the highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care."

Plaintiff's tendered instruction was given by the court but the court refused to add as an additional paragraph to the tendered instruction the following:

"You are further instructed that under the aforementioned statute, it is the duty of an operator of a motor vehicle, after receiving notice that a collision is imminent, to use all means within his power to avoid such collision, if this can be done with reasonable safety to himself."

In our opinion the jury was adequately advised as to the law of the State of Missouri and the additional tendered paragraph was merely argumentative and was properly refused by the court.

Further, it is to be noted that the additional paragraph tendered fails to include all of the elements of the Humanitarian Doctrine as contained in the Missouri approved jury instructions, Instructions 17.14 [1964], and the tendered paragraph therefore might well have been confusing rather than helpful to the jury.

 Hortman also contends that the claim arising out of the death of Albert Hortman was improperly dismissed. In dismissing, the district judge relied on Hortman's counsel's admission that the only pecuniary damages were funeral expenses and that there had been recovery from the insurer of the automobile in which Albert Hortman was a passenger in excess of those expenses. In Missouri it has been held that while concurrent negligence gives a cause of action against each participant, in such case there can be but one satisfaction and when there has been a satisfaction, that

completes the remedy. Myers v. Kennedy, 306 Mo. 268, 281, 267 S.W. 810, 814–815 (1924). On this appeal Hortman has failed to show any error in the dismissal of the Albert Hortman claim.

The third claimed basis of error was that the district judge over objection permitted Henderson to testify regarding the facts and circumstances of the accident. In this respect Hortman contends that Henderson was incompetent as a witness because of the necessary applicability of the Illinois "dead man" statute, Ill.Rev.Stat. Ch. 51, § 2 (1969), pertinent portions of which read as follows:

"No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion, or in his own behalf, * * * when any adverse party sues * * * as the * * * administrator * * * of any deceased person * * * unless when called as a witness by such adverse party so suing * * * and also except in the following cases, namely:

* * * * * *

"Third—Where, in any such action, suit or proceeding, any such party suing *. * * or any persons having a direct interest in the event of such action, suit or proceeding, shall testify in behalf of such party so suing * * * to any * * * transaction with the opposite party or party in interest, then such opposite party or party in interest shall also be permitted to testify as to the same conversation or transaction."

■■ While the substantive law of the State of Missouri was controlling on the district court in the trial, the matter of competency of the witness to testify has to be determined under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held. Rule 43(a), Federal Rules of Civil Procedure. Since ' the trial was held in the Northern District of Illinois, it is necessary for us to turn to the law of that state to determine the validity of Hortman's objection.

At the outset of our inquiry it must be observed that if for any reason Henderson had been determined to be an incompetent witness, his inability to testify would have been manifestly unfair to the defendants in the trial below. The record demonstrates adequately, although all of the testimony was not brought up on this appeal as part of the record, the following factual situation.

The six occupants of the automobile in question had been in Louisiana to attend the funeral of Albert Hortman's wife. The automobile was apparently registered in the name of a Milwaukee church but was generally used by the minister of the church, Rev. Rudolph Bates, who officiated at the funeral. Bates was a cousin by marriage of Ester Hortman. Daisy Lee Hall, an occupant of the automobile, was a niece of Albert Hortman and a cousin of Ester Hortman. Various occupants of the automobile alternated in driving it and the group had left Louisiana about 6 p. m. They had driven, with only short stops, steadily through the night until the accident happened the following morning in Missouri. Both Bates and Hall testified at the trial of this cause and, while their testimony was not made a part of the record, their pretrial depositions are in the record and there is no indication that they deviated from the deposition when testifying at the trial. Each stated by way of deposition, inter alia, that the truck was zigzagging toward them prior to the collision. Henderson's testimony in general faulted the automobile as the cause of the accident and apparently the jury believed his version.

The manifest unfairness arises from the fact that if Henderson had not been permitted to testify then the only testimony from eye witnesses, as far as we can tell from the record, would have been that of Bates and Hall, who were related by blood or marriage to the decedents and who presumably would have been friendly to their cause. As far as we can tell from the record, their testimony

would have been unchallenged except by circumstantial evidence.

Notwithstanding the manifest unfairness, it is not our function, if the law of Illinois has been established in this particular area, to determine what it ought to be but rather what it is.

"Although the state competency statutes are generally satisfactory [under Rule 43(a), FRCP] there is one notorious exception which requires special attention. Most states have seen fit to enact 'dead man' statutes which in theory and practice have proved unsatisfactory. Their existence precludes the proper determination of many a just and proper cause of action or defense." 5 Moore, Federal Practice ¶ 43.05, p. 1352 (1969). *See also* Callahan & Ferguson, Evidence and the New Federal Rules of Civil Procedure, 47 Yale L.J. 194, 198 (1937).

In permitting Henderson to testify, the district judge principally relied on the fact that the attorneys for the defendants had "assured this court that neither the corporate defendant nor its insurer, both of whom are quite solvent, would look to the driver for any part of any judgment." While the record would scarcely seem to support the unequivocal nature of the assurance to the court [1] and while we are aware that recently a company engaged in the transportation business, *i. e.*, Penn-Central, with supposedly considerably greater assets than Stahly, has become involved in bankruptcy courts, nevertheless, even though there had been no question of solvency and even though both Stahly and its insurers had by written enforceable instrument warranted that neither would look to Henderson for any part of any judgment, this would not, in our opin-

ion, remove Henderson's incompetency under the Illinois statute. The district judge apparently proceeded on the theory that the dead man statute applied only to interested parties and that since neither Stahly nor its insurer were going to look to Henderson for payment of any part of the judgment he thereby was no longer an interested party. Neither the Illinois statute nor the cases thereunder support this position.

The statute itself is worded in the disjunctive of "[n]o party * * * *or* person directly interested in the event thereof, * * * " If the contention of Stahly and Henderson were to be accepted there would have been no necessity for this wording of the statute which simply could have precluded testimony in the dead man situation by any person directly interested in the event of the lawsuit.

The district judge relied in part upon Sankey v. Interstate Dispatch, Inc., 339 Ill.App. 420, 90 N.E.2d 265 (1950), but in that case the truck driver, although named as a defendant in the complaint, had never been served with process and never appeared in the action. The court held that he could not control the proceedings in any way and therefore did not meet the test of a party in the larger sense as being a person "having a right to control the proceedings, to make defence, to adduce and cross-examine witnesses, and to appeal from the decision, if any appeal lies." 339 Ill.App. at 425, 90 N.E.2d at 267, citing 1 Greenleaf Ev., sec. 535. In the case before us Henderson was fully a party, was represented by counsel and irrespective of who might in fact pay a judgment against him, could have had a judgment rendered against him from which he could have appealed. Whether he did control the

---

1. Counsel for defendants, *inter alia*, stated, "Now as to the possible bankruptcy, *I think* it can be stated that both Stahly Cartage Company and the carrier's insurance company of Des Moines, Iowa have been in business for many years, and *as far as I know they are* in the Best Insurance Digest, and they are solvent at the moment and *I expect* them to be at the

time of this judgment, if it becomes final. and *I think* if they are not, *I think* the Stahly Cartage Company is good for it. *As I understand*, our maximum exposure now is $19,000, and *I don't think there* is any question but what they are able to pay it, and if it becomes final, will pay it." [Emphasis supplied]

proceedings or not, on the record before us he was fully in a position legally "to call the shots" pertaining to him in the trial below.

In *Sankey,* the court held that the truck driver's status of being an employee did not make him "directly interested in the event of the suit" so as to disqualify him as a witness because not being a "party" he could have had no financial involvement in the outcome of the suit.

The district judge also relied on Dyer v. Martin, 5 Ill. 146 (1842), and Illinois Central Railroad Company v. Weldon, 52 Ill. 290 (1869). *Dyer* is not applicable to the case before us as that case involved the situation existing in Illinois prior to 1867 where the interest of the witness irrespective of his being a party disqualified him. The removal of this disqualification is now found in Chapter 51, § 1 of the statutes of Illinois. In *Weldon* there was reference to a written release as having been used in the pre-1867 situation for the purpose of making a witness competent. In any event, the employee involved in *Weldon* was not a party and that case does not purport to have any application to the dead man statute situation.

■ Henderson and Stahly rely upon a line of Illinois cases allowing a party in the dead man situation to testify either if he has no direct interest in the suit or if his testimony is against his direct interest.[2] Reliance on these cases is misplaced in the case before us. Indeed the Illinois statute itself contains an exception when the otherwise incompetent witness is called by the adverse party suing or defending in connection with determining whether they were called by the adverse party. The Illinois cases mentioned follow the well-established rule of equity (and these cases were chancery cases) that the court will disregard matters of form and therefore will not determine the adversity from denomination as a complainant or a defendant.

In the case before the court Henderson was, as a matter of substance as well as form, an adverse party to the plaintiff and the plaintiff did not call Henderson as a witness, which would have brought into play the statutory exception, but instead objected to Henderson's competency.

Stahly also contends that even assuming *arguendo* Henderson was not a competent witness, Hortman by not bringing up all of the testimony of the trial below has failed to show that Henderson's testimony was prejudicial to Hortman. Stahly and Henderson ask us to indulge in the assumption that since the testimony of the two eye witnesses in the automobile was not a part of the record on the appeal, Henderson's testimony was merely cumulative and corroborative of the testimony of the automobile eye witnesses. This is an assumption we cannot make.

Even if we were to assume that Henderson, a truck driver with a safe driving record of sixteen years and who was being charged with negligence and contributing to the accident, would have testified as favorably to the plaintiff as did her own witnesses, we do have in the record before us the discovery depositions of Daisy Lee Hall and Rudolph Bates. An examination thereof reflects testimony favorable to the position of the plaintiff and not to that of the defendants. We cannot assume that Hall and Bates would have left their deposition testimony to concur in the version of the accident presented in the testimony of Henderson.

While the cases cited by Stahly and Henderson support the general proposition that errors in the omission of evidence do not constitute reversible error unless the evidence has injured the ob-

2. Pyle v. Pyle, 158 Ill. 289, 295, 41 N.E. 999 (1895); Keithley v. Stafford, 126 Ill. 507, 515, 18 N.E. 740 (1888); Ackman v. Potter, 239 Ill. 578, 583, 88 N.E. 231 (1909); Brownlie v. Brownlie, 351 Ill. 72, 76–77, 183 N.E. 613 (1932); and Garrard v. J. S. Ashbrook Co., 222 Ill. App. 387, 392 (1920).

jecting party,[3] we cannot state, as the court did in the *O'Fallon Coal* case (at p. 129, 64 N.E. at p. 769), "there is nothing in this record from which it can be seen \* \* \*" that the omission of the evidence worked any injury to the adverse party.

The rationale of the dead man statute has been stated several times in the Illinois decisions. *See, for example,* Van Meter v. Goldfarb, 317 Ill. 620 at pp. 622–623, 148 N.E. 391, at p. 392 (1925), where the court stated the following:

"The purpose of the exception in favor of one suing as administrator in statutes removing the incompetency of parties as witnesses is to guard against the temptation to give false testimony in regard to the transaction in question on the part of the surviving party, and to put the two parties to a suit upon terms of equality in re regard to the opportunity of giving testimony. 4 Jones' Commentaries on Evidence, § 773. The sources of original information on the part of the representative of the deceased person are so inadequate, as compared with those of the surviving party, that the lawmakers assume the representative to be utterly unable to testify as to the details of the transaction, and therefore they exclude the adverse party. The principal reason for the statutory exception is the supposed inability of the representative to oppose the statements of the adversary, \* \* \*"

The reason for the application of the statute does not exist in the case before us as the plaintiff did have witnesses. However, we find no Illinois case which has purported to write in a further exception to the statute in the situation now before us.

Both the plaintiff and the defendants in the trial below relied to some extent upon *Van Meter.* However, that case and other similar Illinois cases are merely an application of the third statutory exception to the Illinois dead man statute. Thus, in *Van Meter* the plaintiff had adduced testimony by the brother of the decedent who was an eye witness to the accident. The brother was a next-of-kin beneficiary who would have been the recipient of a plaintiff's judgment. The court held that he was a real party in interest or in other words, under the statutory exception, he was a person having a direct interest in the event of the action and when he testified the bar was removed from the adverse party's competency.

While in a number of states the conclusion has been reached that the so-called dead man statute is not applicable to wrongful death cases (annotation, 77 A.L.R.2d 705 (1961)), Illinois is not one of those states. While there are a number of Illinois cases taking the view that a defendant in a death action should have been allowed or was properly allowed to testify, in each instance some exception to the statute was involved which was not applicable here. Annotation, 77 A.L.R.2d 707 et seq. (1961).

Interesting examples of the strictness of the application by the Illinois courts of the dead man statute in wrongful death cases are found in Rouse v. Tomasek, 279 Ill.App. 557 (1935), and Nordman v. Carlson, 291 Ill.App. 438, 10 N.E. 2d 53 (1937). In *Rouse* the plaintiff administrator was the beneficiary in case of recovery and when she testified as to the decedent's careful habits, the court ruled that the otherwise incompetent defendant should have been allowed to testify to rebut the presumption insofar as the decedent's conduct at the time was concerned. On the other hand, in *Nordman,* where the defendant was the only surviving eye witness, the proof of plaintiff, apparently not a beneficiary, of the action of the careful habits of the deceased did not remove the incompetency of the defendant.

---

3. Ralston Purina Co. v. Novak, 111 F.2d 631, 637 (8th Cir. 1940); Oldershaw v. Knowles, 101 Ill. 117, 121 (1881); and

O'Fallon Coal & Mining Co. v. Laquet, 198 Ill. 125, 129, 64 N.E. 767 (1902).

While the application of the Illinois dead man statute has been criticized in situations such as the one before us, the courts of that state have felt compelled, as we do, to follow the legislative mandate. Thus, in Schampon v. Speis, 285 Ill.App. 23, 25–26, 1 N.E.2d 499 (1936), the court while holding that the objection to the competency was proper in the trial below, quoted Wigmore on Evidence (2d ed.) § 578, p. 1005, to the effect that the rule of incompetency rests on "some vague metaphor in place of a reason" and aptly asks whether it is more important to save dead men's estates "than to save living men's estates from loss by lack of proof?"

■ Cunningham v. Central & Southern Truck Lines, 104 Ill.App.2d 247, 244 N.E.2d 412 (1968), involved a two count complaint against the trucking company and its driver. The first count was a suit by the plaintiff in her representative capacity as administrator for wrongful death and in the second the plaintiff sought individual damages she had sustained. The court distinguished between the two counts holding that the truck driver was not a competent witness as to the representative but was as to the individual suit.

■ Prior to the trial the deposition of Henderson was taken by the plaintiff, which deposition was filed in the Office of the Clerk. In many states it has been held that voluntarily taking the deposition of one who would otherwise have been incompetent constitutes a waiver of such competency insofar as the party initiating the deposition is concerned. See 23 A.L.R.3d 394 (1969). Illinois, however, does not follow this line of authority. Thus, in Pink v. Dempsey, 350 Ill.App. 405, 113 N.E.2d 334 (1953), it was held that the taking of the deposition before trial did not constitute a calling of the deponent as a witness and the estate therefore did not waive the disqualification of the witness under the statute. This status of the Illinois law was recognized in a decision of this court, Wassermann v. Daar, 11 Fed.Rules Serv.

577 (1948). Indeed, this court has held that a deposition taken pursuant to the Federal Rules of Civil Procedure as a matter of discovery is not a waiver of the competency under the dead man statute even though the procedure of the state where the case was tried would have found a waiver in the situation. Duling v. Markun, 231 F.2d 833 (7th Cir. 1956). In any event, it is clear that there is no waiver in Illinois where the present case was tried.

Hortman in her brief requests that the judgment of the trial court be reversed with instructions for a new trial before another judge. No basis is given for the request that a different judge try this cause on reversal and we are unaware of any reason which would require a change of judge.

For the reasons hereinbefore given and although we have reached the result we do with considerable reluctance, the judgment below is reversed and this cause is remanded for a new trial and further proceedings not inconsistent with this opinion.

Reversed.