The EQUITABLE LIFE ASSURANCE
SOCIETY OF THE UNITED
STATES, Plaintiff,

and

Carolyn McKay, a Washington resident,
Defendant–Appellant,

v.

Harlan David McKAY, Jr., Dana Willi-
ford, and Marjorie McKay, as guardian
for Sean Michael McKay, Oregon resi-
dents, Defendants–Appellees.

No. 86–3614.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 1987.

Decided Jan. 29, 1988.

James A. Trujillo, Bellevue, Wash., for
defendant-appellant.

Daniel E. McCabe, Aloha, Or., for de-
fendants-appellees.

Before WRIGHT, WALLACE and
PREGERSON, Circuit Judges.

OPINION

PREGERSON, Circuit Judge:

The Equitable Life Assurance Society of
the United States ("Equitable Life")
brought this interpleader action to deter-
mine the beneficiary of two life insurance
policies purchased by the decedent, David
McKay. The district court granted summa-
ry judgment in favor of McKay's children
and against his widow, Carolyn McKay, on
the ground that the Washington Dead-
man's Statute, Wash.Rev.Code § 5.60.030,
required the exclusion of testimony that
was critical to Carolyn McKay's recovery.

**BACKGROUND**

H. David McKay, a Washington resident,
died in November 1983. At the time of his
death he was married to Carolyn McKay.

He had previously been married to Marjo-
rie McKay. He had three children by his
first marriage: Harlan David McKay, Jr.,
Dana Williford, and Sean McKay.

Under decedent's will, executed in July
1983, Carolyn McKay was the sole devisee.
The will provided in part:

> In recognition of the fact that at the
> present time I have provided certain ben-
> efits for my children through life insur-
> ance proceeds that will pass outside of
> my Estate, I give, devise and bequeath to
> my wife all the residue of my Estate,
> both real and personal, separate and
> community, of every nature and descrip-
> tion whatsoever and wherever situated.

At the time of his death, the decedent
had six life insurance policies. Decedent
named his children beneficiaries of the first
four policies, totaling together about $45,-
000. All parties agree that he intended
that his children be the beneficiaries of
those four policies. In May 1982, decedent
purchased a fifth life insurance policy, No.
32–0333–81, for $50,000. Originally, he
named his wife Carolyn as beneficiary un-
der the policy. However, in April 1983,
decedent changed the policy, making his
children beneficiaries. Carolyn asserts
that this was done without her knowledge.
However, she signed the change of benefi-
ciary form as a witness.

In June 1983, decedent purchased a sixth
life insurance policy, No. 83–1997–39, for
$100,000. According to the testimony of
decedent's insurance agent, Michael Gajad-
har, decedent instructed Gajadhar to make
Carolyn beneficiary of the policy and Ga-
jadhar mistakenly made decedent's children
beneficiaries.

In September 1984, Carolyn McKay filed
suit against Gajadhar in Washington State
Superior Court for professional negligence
in failing to make her sole beneficiary of
the sixth policy.

In November 1984, Equitable Life filed
this interpleader action in Oregon District
Court to sort out the claims against its
policies. Equitable Life deposited the pro-
ceeds of both the $50,000 and $100,000
dollar policies with the district court and

was dismissed from the action. The parties stipulated in a pretrial order of the district court that Carolyn McKay was entitled to fifty percent of both policies under the community property laws of the State of Washington.

The district court granted summary judgment for decedent's children, holding that there were no genuine issues of material fact because the Washington State Deadman's Statute, Wash.Rev.Code § 5.60.030, barred the testimony of Carolyn McKay and Michael Gajadhar, the two witnesses who would testify that decedent intended Carolyn to be the beneficiary of the two policies. Carolyn McKay appeals.

## DISCUSSION

We review a grant of summary judgment de novo. *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir.1986). Our review is governed by the same standard used by the trial court under Fed.R.Civ.P. 56(c). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any triable issues of material fact and whether the district court correctly applied the relevant substantive law. *Ashton v. Cory*, 780 F.2d 816, 818 (9th Cir.1986).

We must first decide whether the Washington State Deadman's Statute should have been applied in this case. Because this action is an interpleader action brought under 28 U.S.C. § 1335, the federal district court was required to apply the substantive law that a court of the forum state would apply. *See American Re-Insurance Co. v. Insurance Comm'n of California*, 527 F.Supp. 444, 450 (C.D.Cal.1981). The Washington Deadman's Statute concerns the competency of witnesses. When state law provides the rule of decision, Fed.R. Evid. 601 requires that the competency of witnesses also be determined by state law.[1] However, in cases in which a district court in one state is applying substantive law

from another state, rule 601 does not specify under which state law competency is to be determined. That question must be resolved under the choice-of-law rules of the forum state. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941) (federal courts in diversity of citizenship cases are governed by the conflict of law rules of the courts of the states in which they sit); *see Griffin v. McCoach*, 313 U.S. 498, 503, 61 S.Ct. 1023, 1025, 85 L.Ed. 1481 (1941) (applies the *Klaxon* rule to interpleader actions); *Hoffa v. Fitzsimmons*, 673 F.2d 1345, 1360 n. 41 (D.C.Cir.1982) ("The determination of which statute governs ... depends on the forum choice-of-law rules.").

The subjects of this action are two insurance policies insuring the life of a Washington resident, David McKay, entered into in Washington and contested by another Washington resident, Carolyn McKay. All the parties agree that the substantive law of Washington applies. Under Oregon law, when an Oregon court applies substantive law from another jurisdiction, it applies Oregon procedural law. *See Geris v. Burlington Northern, Inc.*, 277 Or. 381, 561 P.2d 174 (1977) (applying Oregon procedure in a case involving a federal substantive claim); *Hust v. Moore-McCormack Lines, Inc.*, 180 Or. 409, 177 P.2d 429 (1947) (same). Thus, an Oregon court hearing this case would apply Washington substantive law and Oregon procedural law. Because district courts must apply the law that a court of the forum state would apply, the district court in this case was required to apply Washington substantive law and Oregon procedural law.

The question before us therefore reduces itself to whether the Washington Deadman's Statute is substantive or procedural. If it is substantive, it should be applied as Washington substantive law. If it is procedural, it should not be applied because only Oregon procedural rules should be applied.

---

1. Fed.R.Evid. 601 provides:
   Every person is competent to be a witness except as otherwise provided in these rules. However, *in civil actions and proceedings with respect to an element of a claim or defense as* *to which State law supplies the rule of decision, the competency of a witness shall be determined in accordance with state law.* (Emphasis added.)

The district court found that Washington's Deadman's Statute was substantive and applied it.

Neither Washington courts, Oregon courts, nor the Ninth Circuit have ruled on whether a deadman's statute is substantive or procedural. We cannot ascertain how an Oregon court would answer this question. Therefore, we believe it appropriate to refer this question to the Oregon Supreme Court pursuant to the Uniform Certification of Questions of Law Act, Or.Rev. Stat. §§ 28.200–28.255 (1985).