Argued and submitted June 7, certified question answered August 30, 1988

## EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES,
*Plaintiff,*

*v.*

## McKAY et al,
*Defendants/Appellees,*

*and*

## McKAY,
*Defendant/Appellant.*

(USDC Civil CV-84-1356-FR
9th Cir. 86-3614; SC S34788)

760 P2d 871

James A. Trujillo, Bellevue, Washington, argued the cause on behalf of defendant/appellant Carolyn McKay. With him on the brief was Trujillo & Peick, P.C., Bellevue, Washington.

Daniel E. McCabe, Aloha, filed the brief and argued the cause on behalf of defendants/appellees.

GILLETTE, J.

**GILLETTE, J.**

Pursuant to ORS 28.200 to 28.230, this court accepted certification of the following question from the United States Court of Appeals for the Ninth Circuit: "Under Oregon law, is the Washington Deadman's Statute, Wash Rev Code § 5.60.030, substantive or procedural?" With the explanation that follows, we answer that this court would regard the Washington statute as "procedural."

This case originated as an interpleader action in the United States District Court for the District of Oregon. Equitable Life Assurance Society filed the action to settle conflicting claims to the proceeds of two life insurance policies issued to David McKay, Sr., who died on November 17, 1983. The complaint named as defendants the decedent's widow and his children from a previous marriage. Although the policies themselves named the decedent's children as the sole beneficiaries, the widow claimed that the decedent actually had intended that she be named as the beneficiary. The record suggests that the only evidence to support her claim was her own testimony and that of the insurance agent concerning transactions with the decedent.

The district court granted the children's motion for summary judgment on the ground that Washington's "Deadman's Statute" precluded the widow and the insurance agent from testifying about their transactions with the decedent.[1] The parties had stipulated that Washington's "substantive" law applied to the action. The district court found that the Washington statute in question was "substantive" in nature and, therefore, that it applied to this action.

The widow appealed to the United States Court of

---

[1] Wash Rev Code Ann § 5.60.030 (1988 Supp) provides, in part:

"* * * [I]n an action or proceeding where the adverse party sues or defends * * * as deriving right or title by, through or from any deceased person, * * * then a party in interest or to the record, shall not be admitted to testify in his or her own behalf as to any transaction had by him or her with, or any statement made to him or her, or in his or her presence, by any deceased * * * person * * *. *Provided further,* That this exclusion shall not apply to parties of record who sue or defend in a representative or fiduciary capacity, and have no other or further interest in the action."

The district court found that both the widow and the decedent's insurance agent were "parties in interest" for the purposes of this statute and that, therefore, neither could testify as to transactions with the decedent.

Appeals for the Ninth Circuit. As noted above, that court requested a determination whether, under Oregon law, the statute in question is considered "substantive" or "procedural." We understand the question to be a shorthand way of asking whether a trial court in this state would apply Oregon law to the issue of a witness' competency to testify to a decedent's transactions or statements, even though Washington law governs other issues in the case. We rephrase the question to make it clear that characterizing a statute as "substantive" or "procedural" merely states a conclusion. There is no litmus test for determining into which category a statute falls. *See e.g.,* Cook, *"Substance" and "Procedure" in the Conflict of Laws,* 42 Yale L J 333 (1932). The determination whether another state's laws should be applied in this state's courts requires more than a classification of those laws as "substantive" or "procedural."

This court has addressed the issue presented here in two previous cases. In each case the statement was, strictly speaking, a dictum, but both statements are instructive as to how questions like the present one have been viewed in Oregon. The later of these cases was *Lilienthal v. Kaufman,* 239 Or 1, 395 P2d 543 (1964), an action to collect on two promissory notes that had been executed and delivered in California by a maker who previously had been placed under guardianship by an Oregon court as a spendthrift. Under Oregon law, the notes were void; California law did not treat a spendthrift as incapable of executing such notes. In determining that it should apply Oregon law based on a "significant contacts" choice-of-law analysis, this court noted,

> "[d]efendant contends that the law of California should not be applied in this case by the Oregon court because the invalidity of the contract is a matter of remedy, rather than one of substance. Matters of remedy, procedure, are governed by the law of the forum. * * * Stumberg states the distinction as follows: '* * * procedural rules should be classified as those which concern methods of presenting to a court the operative facts upon which legal relations depend; substantive rules, those which concern the legal effect of those facts after they have been established.' Stumberg, Principles of Conflict of Laws (3rd ed), 133."

*Id.* at 6.

The earlier case was *McGirl v. Brewer,* 132 Or 422,

280 P 508, 285 P 208 (1930), in which this court applied Montana law to a mortgage executed in Montana. This court said concerning the problem we face today:

> "Whilst our court in such cases will apply the law of the sister state when applicable, yet the remady [sic] is governed by the law of the forum which relates more directly to the procedure in the local court. For instance, the rules governing the trial, the settlement of the pleadings, questions as to the admissibility of evidence, and many like subjects, are of the *lex fori* * * *."

*Id.* at 443.

As already noted, while both of our former cases dealt with matters which the courts in each case regarded as "substantive," both also purported to place questions of evidence — of what was admissible and through whom — in the category of matters governed by the *lex fori.*

The rule found in the Restatement (Second) of Conflict of Laws (1971) accords with the dicta in the two Oregon cases. Under the Restatement rule, matters concerned primarily with judicial administration are governed by the law of the forum state. Section 122 of the Restatement states:

> "A court usually applies its own local law rules prescribing how litigation shall be conducted even when it applies the local law rules of another state to resolve other issues in the case."

The rationale underlying the Restatement rule is that requiring a state court to apply only the local rules of another jurisdiction, including rules governing joinder of parties, pleading, discovery and the like would impose a tremendous burden on the court and would undermine the efficiency with which trials are conducted. Moreover, people are unlikely to have relied on laws governing matters of judicial administration when conducting transactions. Thus, while the forum state has an interest in its own administration of justice, states with substantive policy regarding the obligations of the parties are unlikely to expect the procedural rules of their own courts to be followed in another state's forum. *See also* Restatement (Second) of Conflict of Laws, § 122, comment a.

■ Following section 122, the Restatement deals with specific issues that commonly arise in conflicts-of-law cases. Rules governing the admissibility of evidence generally are

considered to be matters relating to the administration of justice; thus, the law of the forum state applies to those matters. Restatement (Second) of Conflict of Laws § 138. The Restatement rule most relevant to this case is section 137, which states:

> "The local law of the forum determines what witnesses are competent to testify and the considerations that may affect their credibility."

Section 137 correctly states the law of Oregon, as suggested by *Lilienthal* and *McGirl.* A short examination of the first governing principle of Oregon evidentiary law and how that principle conflicts with that underlying a "dead man's statute" demonstrates the wisdom of the Restatement rule.

■■ Oregon has adopted a liberal standard for determining who may testify. *See* Kirkpatrick, Oregon Evidence 207-8 (Butterworth 1982). OEC 601 provides:

> "Except as provided in [OEC 601] to [OEC 606], any person who, having organs of sense can perceive, and perceiving can make known the perception to others, may be a witness."

The only restrictions are found in OEC 602 (requiring proof that a witness has personal knowledge of the matter to which he or she testifies), OEC 603 (requiring an oath or affirmation), OEC 604 (providing for the use of interpreters), and OEC 605 and 606 (prohibiting the presiding judge or any member of the jury from testifying). Ferreting out and discounting biased testimony is treated as a question of believability for the jury, not admissibility for the court. On the other hand, the rationale underlying a "dead man's statute" is the prevention of self-serving perjury, *i.e.,* biased testimony. McCormick, Evidence 159, § 65 (3rd ed 1984). One rule leaves to a jury the task of ferreting out perjury; the other does not trust a jury to do it. To treat Washington's dead man's statute as the applicable law would be antithetical to the way Oregon has chosen to conduct a jury's search for the truth.

In the terms in which the question was certified to this court, the Washington "dead man's statute," Wash Rev Code Ann § 5.60.030 (1988 Supp), is procedural.

Certified question answered.