861 F.2d 221
 The EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Plaintiff,
and
Carolyn McKay, a Washington resident, Defendant-Appellant,
v.
Harlan David McKAY, Jr., Dana Williford, and Marjorie N.
McKay, as guardian for Sean Michael McKay, Oregon
residents, Defendants-Appellees.
 No. 86-3614.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 9, 1987.
Decided Nov. 8, 1988.
 
 James A. Trujillo, Bellevue, Wash., for defendant-appellant.
 Daniel E. McCabe, Aloha, Or., for defendants-appellees.
 Appeal from the United States District Court for the District of Oregon.
 Before WRIGHT, WALLACE and PREGERSON, Circuit Judges.
 PREGERSON, Circuit Judge:
 
 
 1
 The Equitable Life Assurance Society of the United States ("Equitable Life") brought this interpleader action to determine the beneficiary of two life insurance policies purchased by the decedent, David McKay. The United States District Court for the District of Oregon granted summary judgment in favor of McKay's children and against his widow, Carolyn McKay, on the ground that the Washington Deadman's Statute, Wash.Rev.Code Ann. Sec. 5.60.030 (West Supp.1988),[1] required the exclusion of all testimony favorable to Carolyn McKay. Carolyn McKay appeals. We affirm in part and reverse in part.
 
 
 2
 On January 21, 1988, we issued an Opinion and Order setting forth the history of this case. Equitable Life Assurance Soc'y v. McKay, 837 F.2d 904 (9th Cir.1988). Briefly, the relevant legal background is as follows. We determined that the United States District Court for the District of Oregon was required to apply Washington substantive law and Oregon procedural law to resolve the case. The district court applied the Washington Deadman's Statute to exclude the only testimony that could have raised triable issues of fact. Id. at 905.
 
 
 3
 Our Opinion and Order noted that a decision to affirm or reverse the district court's grant of summary judgment turns first on whether, under Oregon law, the Washington Deadman's Statute is substantive or procedural. If the Washington statute is substantive, then the district court properly used it to exclude testimony favorable to Carolyn McKay because the court was required to apply Washington substantive law. If the Washington statute is procedural, then the district court erred in using it to exclude the testimony in question because the court should have applied Oregon procedural law. Until the issue of admissibility was resolved, we were not in a position to decide whether the testimony favorable to Carolyn McKay would have raised triable issues of fact. Id. at 905-06.
 
 
 4
 Neither Washington courts, Oregon courts, nor the Ninth Circuit had ruled on whether a deadman's statute is substantive or procedural. We therefore decided to certify the question to the Oregon Supreme Court pursuant to Oregon's Uniform Certification of Questions of Law Act, Or.Rev.Stat. Secs. 28.200 to .255 (1987). Id. at 906.
 
 
 5
 The Oregon Supreme Court held that the Washington Deadman's Statute is procedural under Oregon law. Equitable Life Assurance Soc'y v. McKay, 306 Or. 493, 760 P.2d 871 (1988). The Court noted that the Restatement (Second) of Conflict of Laws states that
 
 
 6
 A court usually applies its own local law rules prescribing how litigation shall be conducted even when it applies the local law rules of another state to resolve other issues in the case.
 
 
 7
 306 Or. at 497, 760 P.2d 871 (quoting Restatement (Second) of Conflict of Laws Sec. 122 (1969)) (emphasis added). There are two reasons underlying this rule. First, it would be a burden on the forum state's court to apply another forum's rules of judicial administration. Second, parties are unlikely to have relied on the rules of judicial administration in shaping their conduct. "Thus, while the forum state has an interest in its own administration of justice, states with substantive policy regarding the obligations of the parties are unlikely to expect the procedural rules of their own courts to be followed in another state's forum." 306 Or. at 497, 760 P.2d 871; see also Restatement (Second) of Conflict of Laws Sec. 122 comment a.
 
 
 8
 The Oregon Supreme Court then observed that rules governing the admissibility of evidence generally are viewed as relating to the administration of justice. 306 Or. at 498, 760 P.2d 871. Section 137 of the Restatement (Second) of Conflict of Laws states that,
 
 
 9
 The local law of the forum determines what witnesses are competent to testify and the considerations that may affect their credibility.
 
 
 10
 Id. (quoting Restatement (Second) of Conflict of Laws Sec. 137). On this basis, the Oregon Supreme Court concluded that evidentiary statutes, such as the Washington Deadman's Statute, are procedural rather than substantive. 306 Or. at 498, 760 P.2d 871. The Oregon Supreme Court's holding is consistent with other decisions in this area.
 
 
 11
 In Hortman v. Henderson, 434 F.2d 77 (7th Cir.1970), the Seventh Circuit applied the Illinois Deadman's Statute in a case filed in Illinois in which Missouri law controlled. The court thereby implied that a deadman's statute is procedural and not substantive law. The court stated:
 
 
 12
 While the substantive law of the State of Missouri was controlling on the district court in the trial, the matter of competency of the witness to testify has to be determined under the rules of evidence applied in the courts of general jurisdiction of the state in which the United States court is held.
 
 
 13
 Id. at 80. Because it applied Missouri substantive law, the court clearly applied the Illinois Deadman's Statute as a procedural rule of the forum state in which the district court sat. See also Cervantes v. Time, Inc., 464 F.2d 986, 989 n. 5 (8th Cir.1972) ("Missouri seemingly adheres to the generally accepted principle that the admissibility of evidence is governed by the law of the State where the testimony is to be heard."), cert. denied, 409 U.S. 1125, 93 S.Ct. 939, 35 L.Ed.2d 257 (1973); Turbyfill v. International Harvester Co., 486 F.Supp. 232, 235 (E.D.Mich.1980) (the admissibility of evidence is a procedural question).
 
 
 14
 Pursuant to the Oregon Supreme Court's answer to our certified questions, Oregon law, rather than the Washington Deadman's Statute, should have governed the admissibility of the testimony favorable to Carolyn McKay. There is no doubt that under Oregon law the testimony in question would have been admitted. The Oregon Supreme Court stated that "Oregon has adopted a liberal standard for determining who may testify." Equitable 306 Or. at 498, 760 P.2d 871. Under the Oregon Evidence Code,
 
 
 15
 Except as provided in ORS 40.310 to ORS 40.335, any person who, having organs of sense can perceive, and perceiving can make known the perception to others, may be a witness.
 
 
 16
 Or.Rev.Stat. Sec. 40.310 (1987). The testimony of Carolyn McKay and the decedent's insurance agent, Michael Gajadhar, met this standard. Assuming the testimony should have been admitted, we now discuss whether a material issue of fact remains for trial.
 
 
 17
 In determining whether to grant summary judgment "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). However, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Id. The merit of Carolyn McKay's contention that summary judgment was improperly granted depends on whether the testimony of Carolyn McKay and Michael Gajadhar created "a genuine issue for trial" regarding Carolyn McKay's assertion that she is a beneficiary of the two insurance policies.
 
 
 18
 "The general rule [in Washington] and elsewhere as to attempted changes of beneficiaries on an insurance policy is that courts of equity will give effect to the intention of the insured when the insured has substantially complied with the provisions of the policy regarding that change." Rice v. Life Ins. Co. of N. Am., 25 Wash.App. 479, 482, 609 P.2d 1387, 1389, review den., 93 Wash.2d 1027 (1980) (quoting Allen v. Abrahamson, 12 Wash.App. 103, 105, 529 P.2d 469, 470 (1974)). The testimony of Carolyn McKay and the decedent's insurance agent, Michael Gajadhar, raised questions about changes made to the beneficiary provisions of the decedent's life insurance policies.
 
 
 19
 Regarding the $100,000 policy, both witnesses testified that the only reason Carolyn was not an official beneficiary of that policy was the insurance agent's error. According to both, the decedent intended Carolyn McKay to become a beneficiary. Thus, this testimony creates a triable issue of fact regarding the decedent's intent and Carolyn McKay's status as a beneficiary of the $100,000 policy.
 
 
 20
 Whether the testimony regarding the $50,000 policy raises a triable issue is a closer question. Carolyn McKay testified that she discussed the $50,000 policy with David McKay and that he told her that she was to be the beneficiary because the policy was intended to pay off the $43,000 mortgage on their "townhouse." She also testified that she signed the change of beneficiary form making David McKay's children beneficiaries under the $50,000 policy without knowing what she had signed. Gajadhar, on the other hand, testified that David McKay instructed him to change the beneficiaries from Carolyn to David McKay's children. Viewing the evidence in the light most favorable to the nonmoving party, Ashton v. Cory, 780 F.2d 816, 818 (9th Cir.1986), we hold that Carolyn McKay's allegations concerning David McKay's intent do not raise a triable issue of fact regarding the $50,000 policy. Carolyn McKay presented no evidence which indicates that Mr. McKay took any affirmative action to change the policy using the procedures required by the policy, the company issuing the policy, and the law. Thus, there is no evidence of "substantial compliance." Rice, 609 P.2d at 1389.
 
 
 21
 Questions of fact remain regarding the $100,000. We therefore reverse the district court's order of summary judgment concerning this policy and remand the case for further proceedings consistent with this opinion. With regard to the $50,000 policy, we hold that there are no triable issues of fact. Therefore, we affirm the district court's order of summary judgment as to the $50,000 policy.
 
 
 22
 AFFIRMED IN PART and REVERSED IN PART.
 
 
 
 [1]
 The Washington Deadman's Statute provides, in part that:
 [I]n an action or proceeding where the adverse party sues or defends ... as deriving right or title by, through or from any deceased person, ... then a party in interest or to the record, shall not be admitted to testify in his or her own behalf as to any transaction had by him or her with, or any statement made to him or her, or in his or her presence, by any such deceased ... person ...: Provided further, That this exclusion shall not apply to parties of record who sue or defend in a representative or fiduciary capacity, and have no other or further interest in the action.
 Wash.Rev.Code Ann. Sec. 5.60.030 (West Supp.1988). The district court found that both Carolyn McKay, the deceased's widow, and Michael Gajadhar, the deceased's insurance agent, were "parties in interest" under the statute and could not testify as to transactions with the deceased.