Argued and submitted February 12, affirmed April 16, petition for review denied
September 23, 1997 (326 Or 58)

## William A. STRICKLIN,
*Appellant,*

*v.*

## Frederick A. SOUED,
Joanne E. Soued, and Enterprises Entres Nous,
a partnership,
*Respondents.*

### (96-0569-L-1; CA A93907)

936 P2d 398

Molly Jo Mullen argued the cause for appellant. With her on the briefs were Peter R. Chamberlain and Bodyfelt Mount Stroup & Chamberlain.

Karen C. Allan argued the cause for respondents. With her on the brief was Foster, Purdy, Allan, Peterson & Dahlin.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

**DE MUNIZ, J.**

Plaintiff appeals the dismissal of his action on a promissory note for lack of jurisdiction over the subject matter. ORCP 21 A(1). We review the trial court's legal determination that it was divested of jurisdiction, *see Greeninger v. Cromwell*, 127 Or App 435, 438, 873 P2d 377 (1994) (circuit courts have subject matter jurisdiction over all actions unless a statute or rule of law divests them of jurisdiction), and affirm.

Plaintiff is the holder by assignment of a $465,000 promissory note that is secured by a trust deed on real property in Oakland, California. The underlying transaction involved three California entities formed by defendants Frederick Soued and Joanne Soued: Foothill Boulevard Associates (Associates), a real estate limited partnership; Enterprises Entre Nous (EEN),[1] a general partnership; and The Foothill Boulevard Group, Limited (Group), another real estate limited partnership. The Soueds are general partners of EEN, and EEN was the general partner of both Associates and Group.

Associates was the maker of the note that was executed in California in 1983 in the name of Associates, by general partner EEN and signed by the Soueds, in their capacities as general partners of EEN. The trust deed securing the note was executed in California by Group. Since the making of the note, Associates has been dissolved.

■    The Soueds and EEN (defendants) are now Oregon residents, and plaintiff brought this action only on the note, alleging that defendants are in default.[2] Defendants moved to dismiss on the ground that the court lacked jurisdiction over the subject matter. They argued that California law applies and that, under California Code of Civil Procedure section 726, a secured creditor must proceed first against the security before enforcing the underlying debt (the "security first" rule).[3] Oregon has no "security first" requirement. The

---

[1] The case caption incorrectly spells the name of EEN.

[2] Group was not a maker of the note and is not a party to this action.

[3] Section 726(a) provides:

trial court agreed with defendants and entered a judgment of dismissal.

Plaintiff argues that the trial court erred in holding that section 726 was a substantive, instead of a procedural, statute, thereby requiring application of California law. Plaintiff argues that section 726 has no part in the Oregon proceeding because "it has been clear for at least 50 years" that the statute is procedural and cannot operate extraterritorially. *See First-Trust Joint Stock Land Bank v. Meredith*, 5 Cal 2d 214, 53 P2d 958, 959 (1936) ("It is beyond dispute that these provisions deal with procedure only[.]"); *Commercial Nat. Bank of Los Angeles v. Catron*, 50 F2d 1023, 1024 (10th Cir 1931) (section 726 relates only to remedy in California courts).

Defendants respond that amendments to California debtor-creditor statutes render the cases relied on by plaintiff "unreliable as a guide to current California law," and that it is "abundantly clear" that section 726 is substantive. They contend that the statute is "part of a longstanding statutory regulation of secured creditors' and debtors' substantive rights and remedies under which the debtor does not make an absolute promise to pay but, rather, a promise only to pay the deficiency remaining after foreclosure." *See Security Pacific Nat. Bank v. Wozab*, 51 Cal 3d 991, 997, 275 Cal Rptr 201, 800 P2d 557 (1990) (under California law the creditor must rely on the security before enforcing the debt); *Pacific Valley Bank v. Schwenke*, 189 Cal App 3d 134, 140, 234 Cal Rptr 298 (1987) (code provides that whenever a mortgage is

---

"There can be but one form of action for the recovery of any debt or the enforcement of any right secured by mortgage upon real property or an estate for years therein, which action shall be in accordance with the provisions of this chapter. In the action the court may, by its judgment, direct the sale of the encumbered real property or estate for years therein (or so much of the real property or estate for years as may be necessary), and the application of the proceeds of the sale to the payment of the costs of court, the expenses of levy and sale, and the amount due plaintiff, including, where the mortgage provides for the payment of attorney's fees, the sum for attorney's fees as the court shall find reasonable, not exceeding the amount named in the mortgage."

Although section 726(a) refers only to a "mortgage," it applies also to deeds of trust. *Security Pacific Nat. Bank v. Wozab*, 51 Cal 3d 991, 275 Cal Rptr 201, 800 P2d 557 (1990).

given to secure a debt, the law steps in and limits action for enforcement to foreclosure proceedings). Defendants contend that, because section 726 is substantive, Oregon's "significant contacts" analysis in choice-of-law issues applies and shows that the California "security first" rule applies to this proceeding. *See, e.g., Manz v. Continental American Life Ins. Co.*, 117 Or App 78, 82, 843 P2d 480 (1992), *mod on other grounds* 119 Or App 31, 849 P2d 549, *rev den* 317 Or 162 (1993) (substantive issues are resolved according to law of forum having most significant contacts with the dispute).

■ In *Equitable Life Assurance v. McKay*, 306 Or 493, 496, 760 P2d 871 (1988), the Supreme Court disapproved the use of "procedural" or "substantive" terminology for choice of law purposes, noting that that characterization of a statute "merely states a conclusion. There is no litmus test for determining into which category a statute falls." *Id.* at 496. The court found section 122 of the *Restatement (Second) of Conflict of Laws* (1971) to be in accord with Oregon law as set out in *Lilienthal v. Kaufman*, 239 Or 1, 395 P2d 543 (1964), and *McGirl v. Brewer*, 132 Or 422, 280 P 508, 285 P 208 (1930). 306 Or at 497. Under section 122, matters concerned primarily with judicial administration are governed by the law of the forum state because it would create a tremendous burden to require a state court to apply local rules of another jurisdiction.

> "Moreover, people are unlikely to have relied on laws governing matters of judicial administration when conducting transactions. Thus, while the forum state has an interest in its own administration of justice, states with substantive policy regarding the obligations of the parties are unlikely to expect the procedural rules of their own courts to be followed in another state's forum. *See also* Restatement (Second) of Conflict of Laws, § 122, comment a." *Id.*[4]

■■ Here, it is clear that section 726 is not a statute concerned with the "joinder of parties, pleading discovery and

---

[4] *Comment a* sets out factors that may influence a determination of whether to apply forum local law instead of the law of another state, including whether the parties shaped their actions with reference to the local law and whether the issue is one whose resolution would be likely to affect the ultimate result of the case.

the like[.]" *Equitable Life*, 306 Or at 497. The statute governs rights and obligations of the parties who choose a trust deed as security.[5] As explained in *Pacific Valley*, 189 Cal App at 141, 234 Cal Rptr at 302,

> "[b]y choosing this form of debt instrument, Bank placed itself within the ambit of the rules applying to notes secured by a deed of trust in California, and thereby limited itself to the collection procedures prescribed by law. Bank must be held to have taken the deed of trust with knowledge of the rights and limitations imposed by section 726. Similarly, Schwenke, by signing a promissory note which is secured by a deed of trust, was entitled to rely upon the law governing such instruments, which limits the extent of his personal liability to a deficiency judgment in excess of the value of the security." (Citation omitted.)

Because section 726 does not govern matters of judicial administration, we determine whether California law or Oregon law applies under the analysis adopted in *Lilienthal*. That approach includes consideration of which state had the most significant relationship to the parties and the transaction, and a determination of whether the interests of Oregon are so important that we should not apply California law, despite its significant connection with the transaction. *See Straight Grain Builders v. Track N' Trail*, 93 Or App 86, 90, 760 P2d 1350, *rev den* 307 Or 246 (1988) (explaining analytic approach).

Here, the only relationship that Oregon has to the parties is the fortuity that defendants are now residents of Oregon. Oregon has no relationship to the transaction, which arose out of a California promissory note secured by California property. Furthermore, plaintiff has identified no Oregon

---

[5] In *Security Pacific*, 51 Cal 3d at 997, 800 P2d at 560, the California Supreme Court explained the operation of section 726:

"[The statute] may be interposed by the debtor as an affirmative defense or it may become operative as a sanction. If the debtor successfully raises the section as an affirmative defense, the creditor will be forced to exhaust the security before he may obtain a money judgment against the debtor for any deficiency. * * * If the debtor does not raise the section as an affirmative defense, he may still invoke it as a sanction against the creditor on the basis that the latter by not foreclosing on the security in the action brought to enforce the debt, has made an election of remedies and waived the security." (Quoting *Walker v. Community Bank*, 10 Cal 3d 729, 733-34, 518 P2d 329 (1974).)

interest, and we perceive none, in Oregon's policy towards creditors and debtors that is more important than California's longstanding interest in the application of the rights given by section 726. *See Security Pacific*, 51 Cal 3d at 999, 800 P2d at 561 (the rule of section 726 and the statutory scheme, which require a secured creditor to proceed against the security before enforcing the underlying debt, is hornbook law in California and warrants no extended discussion). The trial court did not err in holding that California law applies.

Affirmed.